## COMMONWEALTH *vs.* PHILIP LAMB.

An indictment, which avers that the defendant " at P. in the county of H. did wilfully and maliciously.set fire to and burn a certain barn," "and the said barn did then and there voluntarily burn and consume," sufficiently states the locality of the barn alleged to have been burned.

An indictment on the Rev. Sts. *c.* 126, § 5, which impose a punishment on "every person who shall wilfully and maliciously burn, either in the night time or in the day time," any building therein described, is not fatally defective by reason of its describing an offence as having been committed in the night time, between the hour of sunsetting on one day and the hour of sunrising on the next day, notwithstanding *St.* 1847, *c.* 18, defining the time of night time in criminal prosecutions to be "the time between or e hour after the sunsetting on one day and one hour before sunrising on the next day.'"

An indictment on the Rev. Sts. *c.* 126, § 5, for-wilfully and maliciously burning "a certain barn and an outhouse thereto adjoining," need not separately charge the burning of each.

THE defendant was tried and convicted at December term 1853 of the court of common pleas for the county of Hampden, on an indictment which alleged " that Philip Lamb, of Palmer in

*Commonwealth v. Lamb.*

said county, laborer, on the tenth day of October now last past, at Palmer aforesaid, in the county aforesaid, in the night time, between the hour of sunsetting on the said tenth day of October and the hour of sunrising on the day succeeding, did wilfully and maliciously set fire to and burn a certain barn, and an outhouse thereto adjoining, belonging to one Horace C. Smith, and of the value of three hundred dollars, and not the property of said Philip, and the said barn and outhouse did then and there voluntarily burn and consume."

The defendant moved in arrest of judgment, "because the offence intended to be charged is not fully and sufficiently set forth in said bill of indictment, in that there is not any sufficient averment or allegation of the locality of the barn and outhouse, alleged to have been burned, nor where said barn and outhouse were situated." *Byington*, J. overruled this motion; and the defendant alleged exceptions.

In this court, the defendant filed an additional motion in arrest of judgment, "because, 1. The night time in which the offence is intended to have been alleged to be committed is averred to be between the hour of sunsetting on the said tenth day of October and the hour of sunrising on the day succeeding. 2. The indictment describes the property, intended to be alleged as destroyed, conjunctively, as 'a barn and an outhouse thereto adjoining,' and contains no distinctive averment of the burning of either a barn or an outhouse."

*C. Torrey*, for the defendant, to the point that the indictment was defective, because, the offence being of a local nature, the town where the barn and outhouse were situated was material, and must be stated as a part of the local description, cited Archb. Crim. Pl. (5th Amer. ed.) 39, 305, 313; 2 Russ. on Crimes, (7th Amer. ed.) 567, 568; 1 Chit. Crim. Law, 177, 198, 199, 219; *The State* v. *Price*, 6 Halst. 216; 3 Greenl. Ev. § 10; and argued that the words "there situate" were necessary after the description of the property; and that it did not appear from this indictment but that the barn and outhouse were situate in another town and county, from those in which the defendant was alleged to have been when he burned them.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

DEWEY, J.   The principal objection taken to the sufficiency of this indictment is the want of a more particular averment as to the locality of the barn and outhouse alleged to have been set on fire by the defendant.   The omission of the words " there situate," words usually found in indictments for arson and burglary, following the description of the property alleged to have been set on fire, is the ground of this objection.

An indictment containing these words would undoubtedly more fully correspond with · the precedents in similar cases. But, in the opinion of the court, the omission of these words is not fatal to the indictment.   The offence is here sufficiently charged as to its locality, by the previous averment, "that Philip Lamb, of Palmer in said county, at Palmer aforesaid," &c., taken in connection with the further averment, " and the said barn and outhouse did then and there voluntarily burn and con· sume."   Where the place is material, the place alleged in the venue, taken in connection with the allegation that the defendant then and there did the act, sufficiently designate the locality of the buildings set on fire.   It is to be taken in the present case to be equivalent to an allegation that the buildings were situate in Palmer.

This view of the sufficiency of such an indictment seems to be directly sustained by the case of *Rex* v. *Napper*, 1 Mood. C. C. 44 That case was reserved for the opinion of all the judges, who held the indictment sufficient.   The principle is, that if it is not expressly stated where the building is situated, it shall be taken to be situated at the place named in the indictment by way of venue.   1 Russ. on Crimes, (7th Amer. ed.) 827.

The further objection now raised to the indictment is, that it erroneously describes the offence, as an offence committed in the night time, because it states a period of time at variance with the *St.* of 1847, *c.* .13, defining the time of night time in refer· ence to criminal offences to be " the time between one hour after the sunsetting on one day and one hour before sunrising on the next day."

This error in the indictment would be fatal to sustaining the

indictment, as charging the burning a building in the night time. But that is immaterial in the present case, as the punishment authorized by the statute, for burning a barn or outhouse, either in the day or night time, is the same, and found in the same section of Rev. Sts. *c.* 126, § 5.

Nor is it any sufficient ground for arresting judgment, that the indictment charges a burning of "a certain barn and an outhouse thereto adjoining," and does not separately charge the burning of each.   *Motions in arrest overruled.*