## THE PEOPLE v. JAMES GRIFFIN.

WHERE, on trial for burglary, it was shown that the breaking and entering the dwelling house, which constituted the offense, was between six and seven o'clock in the afternoon of August 31st, and that at the time there was light enough out of doors to discern a man's features across the street: *Held*, that the offense charged was not proven—the sun not setting, at that time, until about half-past six, and the presence of sufficient daylight to discern a man's features being an established criterion by which to determine whether the act was done in the night time within the meaning of the law relative to burglary.

APPEAL from the Court of Sessions of Santa Clara.

For facts, see opinion.   Defendant appeals.

*F. M. Pixley, Attorney General*, for Respondent.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The defendant was convicted of the crime of burglary.   By the statement on appeal it is agreed, that on the trial it was proved as one of the facts, that the breaking and entering the dwelling house, etc., which constituted the offense, was done between the hours of six and seven o'clock in the afternoon, on the thirty-first day of August, and that at the time there was light enough out of doors to discern a man's features across the street.   As the sun at that date did not set until about half-past six o'clock, it does not appear that it was proved by the prosecution that the offense was committed in the night time.   Besides, the presence of sufficient daylight to discern a man's features has long been adopted as a criterion to determine whether or not the act was done in the night time within the meaning of the law applicable to the crime of burglary.   (4 Bl. Com. 299; *Com.* v. *Chevalier*, 7 Dana Abr. 134; *State* v. *Bancroft*, 10 N. H. 105.)   On the facts proved, as agreed to in the statement, the offense in this case was not burglary, and as the verdict was against law, a new trial should have been granted.

Judgment reversed and cause remanded.