UNITED STATES v. KERR.

(District Court, E. D. Pennsylvania. February 7, 1908.)

No. 17.

1. CRIMINAL LAW—PRELIMINARY PROCEEDINGS—FEDERAL COURTS—HEARING.
   While criminal proceedings in a federal court are ordinarily before a commissioner, in which a preliminary hearing is afforded the defendant, such proceedings may be instituted by a United States attorney at his discretion by indictment, without previous arrest, binding over, or leave of court; the defendant not being entitled as of right to a preliminary hearing.

2. COURTS—FEDERAL COURTS—RULES OF DECISION—PRACTICE IN STATE COURTS.
   The practice in the state courts in criminal cases to accord a person accused of an offense a preliminary hearing as of right is not authority in the federal courts sitting in such state.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 908.]

Indictment. On motions in arrest of judgment and for new trial.

The defendant was tried before Hon. John B. McPherson, at the December sessions of the District Court, upon an indictment containing nine counts, charging him, under Rev. St. §§ 3891, 5467 [U. S. Comp. St. 1901, pp. 2657, 3691], with having unlawfully delayed, embezzled, opened, and rifled three certain registered letters, which had come into his custody in the ordinary

course of his duties as a rural letter carrier attached to the post office at Darby, Pa. As to the first and third letters the indictment charged both delaying (Rev. St. § 3891) and embezzling, etc. (Rev. St. § 5467). As to the second letter the indictment contained but a single count for delaying.

A motion to quash the indictment was based, inter alia, and as to certain counts, upon the contention that as to all except the first three counts of the indictment, relating to the first letter, the defendant had been unlawfully denied a preliminary hearing, and that the indictment had been sent before the grand jury without leave of court and without previous warrant or binding over. This contention was again urged in support of the motion in arrest of judgment. Other questions of law were involved in the case; but, as the same were not discussed in the opinion of the court, they are not set forth in this statement of the facts.

The defendant was arrested at Ft. Slocum, N. Y., upon a warrant of arrest issued by a United States commissioner for the Southern district of New York, upon affidavit made by a postal inspector; the affidavit and the warrant charging the offense of delay and opening with respect to the first letter only. The defendant waived a hearing, and under Rev. St. § 1014 [U. S. Comp. St. 1901, p. 716], was committed for trial in the Eastern district of Pennsylvania upon a warrant of removal signed by the District Judge, and based upon the same offense as alleged in the warrant of arrest. The commissioner's return was filed in the District Court on Friday, December 6th, three days prior to the opening of the December sessions of the District Court and the convening of the grand jury.

Subsequently to the commissioner's return the United States attorney became informed of the similar offenses alleged to have been committed during the same month as the first offense with respect to the two other letters, and counts covering these additional offenses were included in the indictment, which was presented to the grand jury on Tuesday, December 7th, and who returned a true bill on the following day.

Defendant was called for trial on Thursday, and on the following Monday the jury rendered a verdict of guilty on all counts, except those covering the embezzlement of the first letter.

On February 15th, in conformity with the opinion here reported, the defendant was sentenced to imprisonment for a period of six months.

J. Whitaker Thompson and Jasper Yeates Brinton, for the United States.

V. Gilpin Robinson, for defendant.

J. B. McPHERSON, District Judge (after stating the facts as above). Whatever may be said concerning the power of a grand jury in the Pennsylvania courts to find an indictment where the accused has not had a previous hearing before a magistrate, it is clear that no such hearing is necessary in the federal courts. No doubt a prosecution before these tribunals is ordinarily begun in much the same way as in the criminal courts of the state. Information is laid before a commissioner, who hears the government's case and thereupon either discharges the accused or holds him to answer; but this preliminary examination is not essential as the federal authorities abundantly show. If the grand jury sees proper to act upon evidence that is brought to their attention, they may bring in a suitable indictment, although the charge is made for the first time by their finding, and although the accused has had no preliminary hearing. Apparently, the argument offered to support the motion in arrest of judgment fails to give due weight to the difference between the practice of the federal and the Pennsylvania courts in this respect, and ceases to be persuasive as soon as the distinction is clearly recognized.

The reasons for a new trial have also received consideration, but I do not see how the verdict upon the McDonald charges, at least, can be properly set aside. The other two offenses are much less important, but the conviction upon the charge growing out of the McDonald letter is a more serious matter. The testimony there was squarely in conflict, but there was sufficient to convict if the jury believed the government's witnesses, and the verdict shows that belief was given to their account, and not to the defendant's. To determine the credibility of witnesses being peculiarly within the province of the jury, and the testimony here being in fair balance (to state the case most favorably for the defendant), there is no legal ground on which the court can interfere with the result.

Both motions must be refused. Sentence will be imposed upon one or more of the counts numbered 5 to 9, inclusive.