SOUTHERN PAC. CO. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. July 6, 1909.)

No. 1,672.

1. STATUTES (§ 46*)—ENACTMENT—FORM.

A law must be complete in all its terms when it leaves the Legislature.

[Ed. Note.—For other cases, see Statutes, Dec. Dig. § 46.*]

2. CONSTITUTIONAL LAW (§ 66*)—GOVERNMENTAL POWERS—DELEGATION.

While the Legislature may not delegate the power to legislate, it may delegate the power to determine some fact on which the operation of an act is made to depend.

[Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. § 66.*]

3. CONSTITUTIONAL LAW (§ 64*)—LEGISLATIVE POWER—DELEGATION.

The provision of the 28-hour law (Act Cong. June 29, 1906, c. 3594, 34 Stat. 607 [U. S. Comp. St. Supp. 1907, p. 918]) authorizing the shipper of cattle or the person accompanying them to extend the time of their confinement to 36 hours, was. not such a delegation of legislative power as would render the law unconstitutional.

[Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. § 64.*]

4. CARRIERS (§ 211*)—INTERSTATE COMMERCE—TRANSPORTATION OF LIVE STOCK —28-HOUR LAW.

The 28-hour law (Act Cong. June 29, 1906, c. 3594, 34 Stat. 607 [U. S. Comp. St. Supp. 1907, p. ,918]) provides for the unloading of cattle, etc., for food, water, and rest at the expiration of 28 consecutive hours' transportation, except that the time may be extended to 36 hours by the written request of the shipper, except that it shall not be required that sheep be unloaded in the nighttime; but where the time expires in the night, in the case of sheep, the same may be continued in transit to a suitable place for unloading, subject to the 36-hour limitation. *Held*, that such provision was not fatally defective for uncertainty; the meaning being that in case of sheep, if the 28-hour limit expires at night, the transit may be continued to a suitable place for unloading, without the consent of the owner or custodian, except that in no case shall the 36-hour limit be exceeded.

, [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 926–928; Dec. Dig. § 211.*]

5. CARRIERS (§ 37*)—TRANSPORTATION OF LIVE STOCK—28-HOUR LAW—NUMBER OF OFFENSES.

The 28-hour law (Act Cong. June 29, 1906, c. 3594, 34 Stat. 607 [U. S. Comp. St. Supp. 1907, p. 918]) prohibits interstate carriers from transporting animals for more than 28 hours without unloading for food, water, and rest, except that on the written request of the owner or person in custody of the "particular shipment" the time of confinement may be extended to 36 hours, and section 3 declares that any carrier knowingly or willfully failing to comply with the provisions of the act shall, for such violation, be liable, etc. *Held*, that. the individual shipment, and not the car load, is the unit in case of violation of the act.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 37.*]

In Error to the District Court of the United States for the Northern District of California.

For opinion below, see 162 Fed. 412.

The defendant in error filed its complaint against the plaintiff in error, a common carrier and lessee of railroads and lines of roads, alleging that on August 30, 1906, at Reno, Nev., the plaintiff in error received a consignment of sheep, consigned by T. Fallon to the Western Meat Company, of South San Francisco, Cal.; that after loading the sheep at Reno, and

while transporting the same to South San Francisco, and until unloading was commenced at that place, the plaintiff in error did knowingly and willfully confine said sheep in said cars for more than 36 consecutive hours as per request attached, namely, for 38 hours and 45 minutes, without unloading them for rest, water, and feed; that the plaintiff in error was not prevented by storm, or unavoidable cause or accident which could not have been anticipated or avoided by the exercise of due diligence and foresight, from unloading said sheep for rest, water, and feeding during their said conveyance; and that the cars were not such in which the sheep could have sufficient feed, water, space, and opportunity to rest. The plaintiff in error filed a plea in abatement alleging that at the time of the commencement of the action there had been commenced, and were pending in the same court, between the same parties, three other actions for the same cause of action alleged in the complaint in this cause, and that this action constitutes the splitting of a single cause of action. A demurrer to the plea was sustained, and the plaintiff in error answered, alleging that it was not guilty of any violation of said act, and did not knowingly or willfully confine said sheep for a longer period than 36 hours; that there was a written request for an extension to 36 hours, but that the time expired in the nighttime; and that the sheep were continued in transit to a suitable place for unloading, and were delivered before the expiration of said 36 hours to the owner and consignee. The answer alleged, also, the commencement and pendency of the three other actions referred to in the plea in abatement. On the trial it was shown that the plaintiff in error completed the loading of the four separate consignments of sheep referred to in the plea in abatement into its railroad cars at Reno, Nev., on August 30, 1906, at 10:45 a. m., and that the cars containing the same were made up into one train, and as one train the same were conveyed over its road, and that the unloading commenced at South San Francisco on September 1, 1906, at 1:30 a. m., 38 hours and 45 minutes after the loading was completed. The plaintiff in error introduced evidence tending to show that, when the train and cars containing the sheep were started, it was honestly believed and reasonably anticipated that the sheep would not be confined in the cars for a period longer than that permitted by law.

C. W. Durbrow and Knight & Heggerty, for plaintiff in error.
Robt. T. Devlin, U. S. Atty., and Alfred P. Black, Asst. U. S. Atty.
Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The plaintiff in error contends that Act June 29, 1906, c. 3594, 34 Stat. 607 (U. S. Comp. St. Supp. 1907, p. 918), under which the judgment was rendered in this case, is unconstitutional, for the reason that it delegates legislative power to the owner or custodian of stock shipped or in transit, whereby, although the act itself makes it unlawful and inflicts a penalty for confining animals in the cars for a longer time than 28 hours, the power is delegated to the owner or person in custody of the shipment to extend the time by a written request that they be confined 36 hours, leaving it to the will or caprice of the owner or person in custody of animals to say whether the carrier thereof shall or shall not comply with the provisions of the act. A law must be complete in all its terms when it leaves the Legislature. But, while a Legislature may not delegate the power to legislate, it may delegate the power to determine some fact on which the operation of its own act is made to depend. Although the act in question herein incidentally protects the owners of live stock, its primary and important purpose is to prevent cruelty to animals in transportation. It needs no argument to show how great is the evil which it is intended to remedy. We find

no ground for saying that the law as framed by Congress is not complete in itself. No part of it is made by the shipper, nor is he given the option to say that the carrier shall not comply with its provisions. The statute fixes the period of 28 hours as the limit of the time of continuous carriage of live stock without rest, food, and water; but it makes the proviso that the shipper, who is or represents the party in interest, may, if the circumstances seem to him to justify it, extend the time to a period of 36 hours. In so providing the law does not give him authority to make that unlawful which otherwise would be lawful.

The delegation of power in this instance is not unlike that which is made by local option laws, in which the Legislature provides that one may not sell liquor in a given place unless the majority of those interested shall by vote grant him the power. Such a law was the act of the Legislature of Illinois, imposing a fine on one who sells goods within a mile of a camp meeting without the consent of the parties in charge, which was held constitutional in Meyers v. Baker, 120 Ill. 567, 12 N. E. 79, 60 Am. Rep. 580. In Wayman v. Southard, 10 Wheat. 1, 6 L. Ed. 253, it was held that, although Congress may not delegate power strictly and exclusively legislative, yet "Congress may certainly delegate to others powers which the Legislature may rightly exercise itself." In Union Bridge Company v. United States, 204 U. S. 364, 27 Sup. Ct. 367, 51 L. Ed. 523, the question arose whether power to legislate was delegated to the Secretary of War by an act which gave him the right to determine whether or not a bridge constructed across a navigable stream of the United States is an unreasonable obstruction to navigation. The court, after reviewing the authorities, held that in no substantial, just sense did the act confer upon the Secretary of War power strictly legislative. Said the court:

"By the statute in question Congress declared in effect that navigation should be free from unreasonable obstruction arising from bridges of insufficient height, width of span, or other defects. It stopped, however, with this declaration of a general rule, and imposed upon the Secretary of War the duty of ascertaining what particular cases came within the rule prescribed by Congress, as well as the duty of enforcing the rule in such cases. In performing that duty, the Secretary of War will only execute the clearly expressed will of Congress, and will not, in any true sense, exert legislative or judicial power."

It is contended that the act is void for uncertainty. It is said that no one can be reasonably sure what the meaning is of the proviso "that it shall not be required that sheep be unloaded in the nighttime, but where the time expires in the nighttime, in case of sheep, the same may be continued in transit to a suitable place for unloading, subject to the aforesaid limitation of thirty-six hours"; and our attention is directed to the fact that there is no limitation of 36 hours, unless the owner or custodian makes the written request provided for in the act. We find no substantial ground for holding that the act is uncertain. The meaning of the proviso is that if the 28-hour limit expires in the night, in the case of sheep, transit may be continued to a suitable place for unloading, without the request of the owner or custodian, but that in no case shall the limit of 36 hours be exceeded. The court below

charged the jury in substance that if it was obvious to the carrier that the 36-hour limit would expire in the nighttime, so that unloading could not then be accomplished, it was the carrier's duty to unload the sheep before dark. This, we think, is the plain meaning of the act. United States v. Atchison, T. & S. F. Ry. Co. (D. C.) 166 Fed. 160, 163.

It is urged that the plea in abatement should have been sustained, and that the motion of the plaintiff in error for a directed verdict should have been granted, because it was shown that at Reno the plaintiff in error had received four separate consignments of sheep, consigned to one consignee at South San Francisco, and had conveyed all of said sheep upon the same train, and that therefore there could have been but one violation of the statute. The statute forbids a carrier of live stock to confine the same in cars for a longer time than the prescribed period without unloading the same. Section 3 provides that any carrier who knowingly and willfully fails to comply with the provisions of the act shall for such violation be liable, etc. The question is whether the unit in the case of violation of the act is the car load of live stock, or each individual shipment thereof. We are of the opinion that it is the latter. We find controlling reason for so holding in the proviso of section 1:

"That upon the written request of the owner or person in custody of that particular shipment, which written request shall be separate and apart from any printed bill of lading or other railroad form, the time of confinement may be extended to thirty-six hours."

Said the Circuit Court of Appeals for the Eighth Circuit in United States v. Baltimore & O. S. W. R. Co., 159 Fed. 33:

"It is the owner of the shipment, or his representative having custody of the shipment, who is to be referred to as authority for prolonging the transportation without unloading; and it is manifestly implied that there is a bill of lading or other contract which governs the transportation of that shipment. No other person than the one concerned with that shipment is given the power to prolong the transportation without unloading. And one shipper could not exercise his right if he was one of several; or, if he could, it would disable other shippers from exercising the right to have their stock unloaded for rest and feeding and then go on."

The same conclusion was reached in United States v. Oregon R. & N. Co. (C. C.) 163 Fed. 642. New York Cent. & H. R. R. Co. v. United States (C. C. A.) 165 Fed. 833–843, United States v. Atchison, T. & S. F. Ry. Co. (D. C.) 166 Fed. 160–164, and United States v. New York, C. & St. L. R. Co. (C. C. A.) 168 Fed. 699. We find no error.

The judgment is affirmed.