UNITED STATES v. ATCHISON, T. & S. F. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. February 20, 1911.)

No. 3,341.

CARRIERS (§ 211*)—INTERSTATE COMMERCE—TWENTY-EIGHT HOUR LAW—CONSTRUCTION.

Under the 28-hour law (Act June 29, 1906, c. 3594, § 1, 34 Stat. 607 [U. S. Comp. St. Supp. 1909, p. 1178]), prohibiting the confinement of live stock in interstate shipment for more than 28 consecutive hours without unloading for rest, water, and feeding, subject to the extension of such time to 36 hours on written request of the shipper, "provided that it shall not be required that sheep be unloaded in the nighttime, but where the time expires in the nighttime in case of sheep the same may continue in transit to a suitable place for unloading, subject to the aforesaid limitation of thirty-six hours." the proviso does not authorize the confinement of sheep for more than 36 consecutive hours in any case, but applies only where there has been no extension at request of the shipper and the 28-hour period expires in the nighttime.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 928; Dec. Dig. § 211.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the District of Kansas.

Action by the United States against the Atchison, Topeka & Santa Fé Railway Company. Judgment for defendant, and plaintiff brings error. Reversed. ·

H. J. Bone, U. S. Atty., and J. S. West, Asst. U. S. Atty.

Robert Dunlap (Gardiner Lathrop and Wm. R. Smith, on the brief), for defendant in error.

Before SANBORN and HOOK, Circuit Judges, and W. H. MUNGER, District Judge.

W. H. MUNGER, District Judge. This action was brought by the ·United States to recover certain penalties for violating the Act of Congress of June 29, 1906, c. 3594, 34 Stat. 608 (U. S. Comp. St. Supp. 1909, p. 1180). The facts disclose that certain shipments of sheep were received by defendant, to be transported over its line of road, and were confined in cars, without unloading, for more than 36 hours; the owner or person in charge of the shipment having executed a written request that the period be extended to 36 hours. The 36-hour period arrived in the nighttime, and the sheep were not unloaded until after daylight.

The section of the statute requiring consideration reads in part as follows:

"That no railroad, express company, car company, common carrier other than by water, * * * carrying or transporting cattle, sheep, swine, or other animals from one state or territory or the District of Columbia into or through another state or territory, or the District of Columbia, shall confine the same in cars, boats, or vessels of any description for a period longer than twenty-eight consecutive hours without unloading the same in a humane manner, into properly equipped pens for rest, water and feeding, for a period of at least five consecutive hours, unless prevented by storm or by other accidental or unavoidable causes which cannot be anticipated or avoided by the exercise of due diligence and foresight: Provided, that upon the written request of the owner or person in custody of that particular shipment, which written request shall be separate and apart from any printed bill of lading, or other railroad form, the time of confinement may be extended to thirty-six hours. In estimating such confinement, the time consumed in loading and unloading shall not be considered, but the time during which the animals have been confined without such rest or food or water on connecting roads shall be included, it being the intent of this act to prohibit their continuous confinement beyond the period of twenty-eight hours, except upon the contingencies hereinbefore stated: Provided, that it shall not be required that sheep be unloaded in the nighttime, but where the time expires in the nighttime in case of sheep the same may continue in transit to a suitable place for unloading, subject to the aforesaid limitation of thirty-six hours."

The only question argued by counsel and presented for our consideration is the proper construction of the last proviso to the section relative to the limitation of 36 hours. The object and purpose of the statute was to secure the humane treatment of animals in shipment. For this purpose the act prohibited carriers from confining animals in cars for a period longer (excluding the time of loading and unloading) than 28 consecutive hours, without unloading the same into properly equipped pens for rest, water, and feed for a period of five consecutive hours. The statute then excuses the carriers if prevented by

storm or other accidental or unavoidable causes which cannot be anticipated or avoided by the exercise of due diligence and foresight. It further provides that upon the written request of the owner or person in custody of the particular shipment the time of confinement may be extended to 36 hours. The 36 hours, however, is the full limit of time in which the animals may be confined by any contract or agreement between the carrier and owner or person in custody of the shipment.

The last proviso to the section, and one which calls for our consideration, is that which provides that sheep shall not be required to be unloaded in the nighttime, but, where the time expires in the nighttime, the transit of sheep may continue to a suitable place for unloading, subject to the aforesaid limitation of 36 hours. This proviso does not seem to us at all ambiguous, when considered in connection with the entire section. It is made plain from what precedes the last proviso that the extreme limit of 36 hours is fixed in which animals may be confined by the carrier without unloading for rest, water, and feed, unless prevented by storm or other accidental or unavoidable causes, which cannot be anticipated or avoided by the exercise of due diligence and foresight, and unless the owner or person in custody of the shipment gives the written request such confinement cannot exceed 28 hours. In the proviso under consideration, however, it is provided, with reference to sheep, that, if the time expires in the nighttime, they may continue in transit to a suitable place for unloading, subject to the limitation of 36 hours. If there has been no extension of time by the owner or person in charge the carrier must unload the sheep within 28 hours. unless such 28-hour period expires in the nighttime, when the transit may be continued to a suitable place for unloading, provided such suitable place for unloading can be reached, and the unloading commenced, within 36 hours, it being the clear intention and purpose of the act that under no circumstances shall animals, including sheep, be kept in confinement by the carrier without unloading for rest, feed, and water longer than 36 hours, except as stated in case of storm or accidents. Thus it clearly appears that the period of time referred to as expiring in the nighttime has reference to the 28-hour period, and not to the extended period of 36 hours.

Such has been the uniform holding of the courts so far as they have been brought to our attention. U. S. v. Southern Pac. Co. (D. C.) 157 Fed. 459; U. S. v. A. T. & S. F. Ry. Co. (D. C.) 166 Fed. 160; Southern Pac. Co. v. U. S., 96 C. C. A. 252, 171 Fed. 360.

The trial court adopted a different view, and rendered judgment for the defendant.

The judgment is reversed, with directions to grant a new trial.