### Ike Weatherred v. The State.

No. 9432.      Delivered October 14, 1925.

Burglary—Charge of Court—Held Incorrect.

Where on a proper indictment charging a burglary in the, night time by force, threats and fraud and by breaking and entering a house, etc., the charge of the court that "The word entry, as used in this charge means any kind of an entry, without the consent of the occupant or owner of said building" was erroneous in failing to instruct the jury that there must be an entry by "breaking." Following Bates v. State, 50 Tex. Crim. Rep. 568; Crane v. State, 280 S. W. 920; Landry v. State, 258 S. W. 172.

Appeal from the District Court of Hill County. Tried below before the Hon. Horton B. Porter, Judge.

Appeal from a conviction of burglary; penalty, two years in the penitentiary.

The opinion states the case.

*Collins, Dupree & Crenshaw,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, Judge.—The appellant was indicted and convicted in the district court of Hill County for the offense of burglary and his punishment assessed at confinement in the penitentiary for a term of two years.

The indictment in this case charges nighttime burglary. The court charged the jury relative to nighttime burglary. The record discloses that the appellant was charged with burglarizing a certain bank in said county at Osceola, "unlawfully by force, threats, and fraud, and at night, break and enter a house, etc." Upon this indictment, the court charged the jury among other things as follows: "The word entry as used in this charge means any kind of an entry without the consent of the occupant or owner of said building." The appellant objected and excepted to said portion of said charge, and we are of the opinion from a careful examination of the record, thot said exception is well taken. It will be observed from the indictment that appellant is charged with a nighttime burglary and by force, threats and fraud and by breaking said house. There was no evidence showing any breaking or any force, and in fact the evidence of the witness Patterson, the party in charge of said bank, is that on the day alleged in the indictment that he left the said bank around five o'clock in the evening, closed and locked the doors, and returned the next morning about 7:00 o'clock A. M. and found the knob loose on the vault door, the handle to the door was off and a hole in said door near the lock and a pair of pliers were found on the floor. The court properly charged that nighttime burglary was anytime within twenty-four hours from thirty minutes after sunset to thirty minutes before sunrise. There is absolutely no testimony showing how said entry was made or when it was made, and the only evidence in the case shows that there was a Stilson wrench, a flashlight, an acetylene torch and gas tanks found about twenty or twenty-five miles from the scene of the alleged burglary in Johnson County, against the barn of the State witness Friou the next morning, and a tent and a dial puller or knob puller on an adjoining farm, and the witness Friou testified that he saw two men in a Ford touring car on the morning, about three o'clock, of the alleged burglary at night, pass down the lane in the direction of said barn where the car was stopped and where the lane was too narrow to proceed further, and the road too rough, but did not see either of them get out of the car, and the car backed up toward the house and he saw one of them walking along by the side of the car as it backed out, that he did not know who put the tools there, and they may have been there a month before he found them. The testimony of the State further showing that this witness notified the officers, and the next night one Wilson and the appellant appeared near the alleged instruments and Wilson was in the act of stooping over same when they were arrested; and close by where they were arrested they found a Ford roadster with a speed body on it which belonged to a man by the name of Hammond. This was practically the testimony relied upon by the State. No one testifying to having seen either Wilson or the de-

fendant in Osceola about the time of the alleged burglary. Upon this evidence, and the said allegation in the indictment the court gave the charge above mentioned and complained of. In the case of Hamilton v. State, 11 Tex. App. 116, the court charged as follows: "That the entry into a house within the meaning of Art. 704, includes every kind of entry but one made by free consent of the occupant." This charge was held to be error, and the court held that the State was bound by the allegations in the indictment and said charge was not authorized under the evidence. In the case of Melton v. State, 24 Tex. App. 28, the principle announced in the Hamilton case was cited and approved. In the case of Bates v. State, 50 Tex. Crim. Rep. 568, wherein the trial court gave a similar charge to the one in the instant case, Judge Davidson held: "In any event, whether night or day breaking, the entry must be accomplished by breaking and if accomplished in the daytime by breaking externally, then it must be in actual breaking." Under the charge above quoted, it was only necessary for the jury to believe that if the appellant entered the house without the consent of the owner it would be burglary. In Miller v. State, 80 Tex. Crim. Rep. 226, the indictment charged burglary in the nighttime and the trial court charged the jury "by the term entry into a house is meant every kind of entry but one made by free consent of the occupant or one authorized to give such consent. It is not necessary that there should be an actual breaking to constitute burglary." This court in discussing the article pertaining to burglary, cites the Hamilton case, supra, with approval and cites Newman v. State, 55 Tex. Crim. Rep. 275, and Bates v. State, supra, and held under the indictment that proof must show that the entry was made at nighttime by force, threats and fraud as alleged. See also Crane v. State, 240 S. W. 920; Landry v. State, 258 S. W., 172.

Upon the authority of the above cases, we are forced to hold that the appellant's contention is correct and the court was in error in his charge in the particulars complained of in this case. We further desire to call attention to the fact that the evidence in this case is very meagre towards the defendant with the alleged burglary in question.

For the reasons above mentioned, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.