## UNITED STATES v. REILLY.

District Court, E. D. Pennsylvania. Feb. 27, 1929.

No. 2999.

George W. Coles, U. S. Atty., of Philadelphia, Pa.

A. Lincoln Meyers, of Philadelphia, Pa., for defendant.

Before THOMPSON, DICKINSON, and KIRKPATRICK, District Judges.

THOMPSON, District Judge. ■ The defendant, Charles Reilly, by his attorney moved at bar to quash the indictment. No motion, no affidavit, nor anything in the nature of a plea was filed of record. It is conceded that the indictment was found and returned without a preliminary hearing and without notice to the defendant. These facts alone are not grounds for quashing the indictment. United States v. Thompson, 251 U. S. 407, 40 S. Ct. 289, 64 L. Ed. 333; United States v. Kerr (D. C.) 159 F. 185; Hale v. Henkel, 201 U. S. 43, 26 S. Ct. 370, 50 L. Ed. 652; Blair v. United States, 250 U. S. 273, 39 S. Ct. 468, 63 L. Ed. 979.

■ But it is contended that thereby the defendant was deprived of the right and opportunity of challenge to the grand jury. Objection to an indictment upon this ground may be taken either by plea in abatement or by motion to quash before pleading in bar. United States v. Gale, 109 U. S. 65, 3 S. Ct. 1, 27 L. Ed. 857, Carter v. Texas, 177 U. S. 442, 20 S. Ct. 687, 44 L. Ed. 839.

■ But the defendant has not set up by pleading or otherwise any allegations of objection to the manner in which the grand jury was constituted or of personal disqualification of any grand juror to act upon his case through prejudice or otherwise. It will be presumed that persons duly summoned and returned as grand jurors are good and lawful men and in other respects legally qualified, and therefore, in the absence of record or other competent evidence on the question, the burden is on the challenging party to show the disqualification. 20 Cyc. 1303, and cases there cited.

■ There being nothing of record setting up by plea or otherwise allegations specifying objection either to the constitution of the grand jury or to the qualification of any individual juror, the motion to quash is denied.