## UNITED STATES v. LIEBRICH.
### No. 7084.

District Court, M. D. Pennsylvania.
Jan. 5, 1932.

Andrew B. Dunsmore, of Wellsboro, Pa., for the United States.

Landau & Nogi, of Scranton, Pa., for defendant.

WATSON, District Judge.

There are before the court two rules for disposition; one, to show cause why the indictment should not be quashed, and the other, to show cause why the search warrant should not be quashed and the evidence obtained thereunder suppressed.

▆ The reason advanced by the defendant in support of the rule to quash the indictment is that the defendant was indicted by a federal grand jury sitting at Scranton for the October term without a preliminary hearing before the commissioner and without notice to the defendant. It is well settled that in the federal court a defendant may be indicted without such a preliminary hearing or notice. "The indictment was found and returned without a preliminary hearing and without notice to the defendant. These facts alone are not grounds for quashing the indictment. United States v. Thompson, 251 U. S. 407, 40 S. Ct. 289, 64 L. Ed. 333; United States v. Kerr (D. C.) 159 F. 185; Hale v. Henkel, 201 U. S. 43, 26 S. Ct. 370, 50 L. Ed. 652; Blair v. United States, 250 U. S. 273, 39 S. Ct. 468, 63 L. Ed. 979." United States v. Reilly (D. C.) 30 F.(2d) 866.

▆ The defendant contends that the search warrant should be quashed because fourteen days elapsed between the time the liquor was alleged to have been purchased and the date upon which the search warrant was issued.

As to the time within which a search warrant should issue after a sale of liquor, there can be no fixed rule. The commissioner should take into consideration the alleged sale, the quantity of liquor, the place where sold, and all other circumstances before him in determining whether he believes that intoxicating liquors are still on the premises when the search warrant is placed in the hands of the officer. In United States v. McKay (D. C.) 2 F.(2d) 257, 259, the court refused to quash the search warrant, although twelve days elapsed between the purchase of the liquor and the issuance of the search warrant, and, in passing upon this question, said: "There can be no hard and fast rule fixed by courts to fit every such situation, under all circumstances. Each case must depend upon its own facts. The person or persons who are charged with having whisky in their possession, the quantity of liquor, and the place where it is kept, may all be taken into account, as well as the alleged sale, and the lapse of time. * * * It was for the commissioner to determine whether the showing was sufficient to establish probable cause for believing that intoxicating liquors still were on the premises, and that such premises were still being used for the unlawful sale of liquor December 14th, when the search warrant was placed in the hands of the officers." In Hawker v. Queck, 1 F.(2d) 77, twenty-one days elapsed between the sale and the issuance of the search warrant, and the Circuit Court of Appeals for this circuit affirmed the validity of the search warrant.

▆ The defendant also contends that the search warrant in this case was not served in the daytime, as directed by the search warrant, and that therefore the search was illegal. Section 10, title 11, chapter 30, Act of June 15, 1917 (18 USCA § 620), provides as follows: "The judge or commissioner must insert a direction in the warrant that it be served in the daytime, unless the affidavits are positive that the property is on the person or in the place to be searched, in which case he may insert a direction that it be served at any time of the day or night."

The search warrant was served at 7:15 p. m. on August 21, 1931. The sun set on that day at 6:53 p. m. As to whether 7:15 p. m. on August 21, 1931, was daytime or nighttime is the question which must be answered. If it was daytime, then the defendant's contention is wrong. If it was nighttime, then the defendant's contention is right.

In the Bible, Genesis, 1:5, we find "And God called the light day and the darkness he called night." Shakespeare said: "When the searching eye of heaven is hid Behind the globe, and lights the lower world, Then thieves and robbers range abroad unseen, In murthers and in outrage boldly here." The definition of night in Webster's Dictionary is: "The time from dusk to dawn when no light of the sun is visible."

Several of the federal and state courts have decided what part of the twenty-four hours is daytime, and what part nighttime. In United States v. Southern Pacific Co. (D. C.) 157 F. 459, 461, the court said: "The words 'in the nighttime,' * * * means

that period of time between the termination of daylight on the evening of one day and the earliest dawn of the next morning." In United States v. Lepper et al. (D. C.) 288 F. 136, the motion was made to quash a search warrant on the same grounds as those presented in the present case. In that case, the agents with the search warrant entered upon the premises of the defendant at 4:30 p. m., and on that date the sun set at 4:42 p. m. The court held that the search was actually carried out in the daytime, or during that period immediately preceding the setting of the sun below the horizon. "The 'nighttime' consists of the period from the termination of daylight in the evening to the earliest dawn of the next morning. There is no intervening time between the night and the day, and when the light of the latter is entirely gone, and the great characteristic which distinguishes it from the night no longer exists, the day terminates with it. The next day commences with the earliest dawn, and the night, of course, ends at that time. State v. Bancroft, 10 N. H. 105, 106. St. 1847, c. 13 defines the time of night from any criminal prosecutions to be the time between one hour after sunset on one day and one hour before sunrise on the next day. Commonwealth v. Williams, 56 Mass. (2 Cush.) 582, 589; Commonwealth v. Lamb, 67 Mass. (1 Gray) 493, 495." 5 Words and Phrases, First Series, page 4808. " 'Nighttime' is defined in the statute to include all the 24 hours from 30 minutes after sunset until 30 minutes before sunrise. Such a definition of the term in an instruction in a prosecution for burglary is not erroneous. Jackson v. State (Tex. Cr. App.) 38 S. W. 990. " 'Nighttime,' within the California law relating to burglary, means that portion of the 24 hours when there is insufficient daylight to discern a man's features. People v. Griffin, 19 Cal. 578. By 'nighttime,' under the statute authorizing the execution of a search warrant, is meant that space of time during which the sun is below the horizon of the earth, except that space which precedes its rising and follows its setting, during which by its light the countenance of a man may be discerned. Petit v. Colmery, 4 Pennewill (Del.) 266, 55 A. 344, 345." 5 Words and Phrases, First Series, pages 4808 and 4809. "In a prosecution for burglary, charge that 'nighttime burglary' was any time within 24 hours from 30 minutes after sunset to 30 minutes before sunrise was proper." Weatherred v. State, 101 Tex. Cr. R. 520, 276 S. W. 436, 437. In Pennsylvania, the Motor Vehicle Code (75 PS § 351 (a) provides that the lights on motor vehicles shall be lighted during the period from one hour after sunset to one hour before sunrise.

It will be observed that through the ages it has been generally recognized that when it is light it is still daytime, and that when it is not light it is nighttime. It has also been generally recognized that light does not cease with the setting of the sun. Just when it does cease varies in different localities. I have concluded that, for the purpose of this district, it is reasonable to hold that it is daytime for at least thirty minutes after the time when the sun sets, and it is nighttime from then until thirty minutes before the time when the sun rises. As I so hold, it necessarily follows that, as the search warrant in this case was served 22 minutes after the sun set, it was served in the daytime, as directed in the search warrant, and that the search made thereunder was legal and proper.

The other objections made to the search warrant which are general, and which I have not discussed, are in my opinion without merit, and are dismissed.

Now, January 5, 1932, the rule to show cause why the indictment should not be quashed, and the rule to show cause why the search warrant should not be quashed and the evidence obtained thereunder suppressed are discharged.