## GARRISON v. JOHNSTON, Warden.
### No. 9064.

Circuit Court of Appeals, Ninth Circuit.

May 29, 1939.

Orville Chester Garrison, in pro. per.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

Appellant was denied release from custody on a petition for a writ of habeas corpus and has appealed.

Appellant was arrested on July 17, 1937, on a complaint and warrant issued by a United States Commissioner, charging robbery of the University State Bank at Kansas City, Missouri. The preliminary examination was set for July 31, 1937, at which time the appellant and his co-defendants were represented by counsel, but because of the absence of a witness, at the request of the government, the preliminary hearing was continued to August 16, 1937. On August 16, 1937, and August 23, 1937, the preliminary examinations were again continued at the request of the government on the representation that the Assistant United States Attorney handling the matter was absent from the city.

Thereafter, and on September 10, 1937, appellant was indicted, together with divers others, in an indictment in two counts, charging, in the first count, the felonious taking of money from a bank which was a member of the Federal Deposit Insurance Corporation by means of force and violence and by putting in fear with a deadly weapon, and, in the second count, the taking of said money from said bank by placing the

lives of persons in charge thereof in jeopardy. On November 8, 1937, the appellant was arraigned, and, not having counsel at that time, the District Court appointed counsel to represent him. The following day the appellant saw and spoke to his counsel so appointed, and on November 10, 1937, the cause came on for trial before a jury. Appellant's motion, through his counsel, for a continuance of the trial was denied. The jury, on the same day, returned a verdict of guilty and on November 13, 1937, the Court sentenced the appellant to imprisonment in a penitentiary for and during the period of twenty years on the first count of the indictment, and for and during a period of twenty-five years on the second count of the indictment, said sentences of imprisonment to run consecutively.

Appellant began service of the sentence at the United States Penitentiary at Leavenworth, Kansas on November 16, 1937, but pursuant to a transfer order of the Attorney General dated January 5, 1938, he was transferred to the United States Penitentiary at Alcatraz Island.

The petition for the writ of habeas corpus, filed September 28, 1938, alleged that appellant's detention was unlawful because: (1) No preliminary hearing was held; (2) he was denied the right of compulsory process for obtaining witnesses in his favor; (3) he was refused sufficient time to advise with counsel and to prepare his defense; and (4) counsel refused to proceed with the appeal without compensation which appellant did not have, thereby depriving appellant of the assistance of counsel. There were other grounds alleged which are so clearly without merit, that they need not be considered.

An order to appellee to show cause why the writ should not issue was made. Appellee's return thereto contained a partial transcript of the proceedings upon the trial which resulted in appellant's sentence. From such transcript it appears that appellant's attorney desired a continuance in order to investigate an alibi. He said that appellant claimed to be at or in a "wreck" near Harrisonville upon the day of the robbery; that one Hall operated a business near that point, and could supply the names of the other witnesses at the "wreck"; and that he desired an opportunity to investigate the defense. Appellant's attorney obtained the information concerning the alibi on the day preceding the trial and based his request for a continuance thereon. The

prosecuting attorney then supplied the information that a statement signed by Hall, for the Federal Bureau of Investigation, denied appellant was present at the "wreck".

Thereupon the court stated: "If you will give us the names of the witnesses, the witnesses will be brought here" and stated that he could have the marshal bring in Hall immediately, and then any other witnesses. It further appeared that appellant had been represented by counsel at each of the times set for the preliminary hearing, and that appellant had not made known to the court that he was not represented by counsel until November 8, 1937, when the court immediately appointed counsel. Appellant declined to follow the court's suggestion. The court denied the motion for a continuance. At the close of the case appellant's attorney and the prosecuting attorney stipulated: "that although counsel for the Government offered to subpoena and bring in, at Government expense, any witnesses desired by any of the defendants in the above entitled cause and requested counsel for the defendants to furnish them a list of such witnesses, that no such list of witnesses was furnished and that counsel stated in open court that he had no such list".

Attached to the return also was an affidavit of the prosecuting attorney in which he said that appellant at no time advised him of his desire for a preliminary examination, and that he at no time knew when appellant's original counsel ceased to represent him.

There was also attached to the return an affidavit of appellant's attorney, who stated that he at no time asked for any personl fee or "make that a condition to prosecuting the appeal"; that he had prepared the appeal papers but "was unable to get the appeal filed and docketed * * * without paying the docket fee of $35"; that he "took the matter of the payment of the $35 docket fee up with [appellant's] sister, and she told me that she did not desire to go any further with his appeal unless I would guarantee him a new trial, which I told her it was impossible for me to do".

■ Upon this record, the court discharged the order to show cause and denied the petition. Appellant brought this appeal. He has presented some additional evidence. His former attorney made an affidavit in which he stated that the continuances of the

preliminary examination were granted "over protests and objections of" appellant. An attorney who had represented other defendants, made an affidavit to the same effect. A letter addressed to appellant by one of his sisters is presented in which she said that another sister "said Mr. Maniace [appellant's last attorney] wanted $200 or $250 dollars [sic] to continue with the appeal" and that such sister "didn't tell Mr. Maniace that unless he could guarantee a new trial not to continue with the appeal and neither did I, so if he said that he is very much mistaken". There is also presented an affidavit of another of the defendants in the case, but it adds nothing to what has been said. These latter papers not having been presented to the court below cannot be used to determine that the court below erred. Seals v. Johnston, 9 Cir., 95 F.2d 501.

■ The fact that there was no preliminary examination does not entitle the appellant to release on the ground that "he was thereby deprived of his constitutional guaranty to be confronted by the witnesses" against him. Goldsby v. United States, 160 U.S. 70, 73, 16 S.Ct. 216, 218, 40 L.Ed. 343. There is nothing to show that appellant was denied the right of compulsory process for obtaining witnesses in his favor. On the contrary he was offered every assistance in that regard. The contention that he was deprived of the assistance of counsel, we likewise believe to be untenable because the record shows that he had such assistance for the period from July 31, 1937, to August 23, 1937, at least. From July 17, 1937, to November 10, 1937, was sufficient time to prepare the defense, if any. The reason the attorney, appointed by the court, desired a continuance, was to question witnesses to find substantiation for the alibi. He did not need a continuance for that purpose here, because the court offered assistance in obtaining them. We think the record fails to show that appellant was denied the assistance of counsel.

In Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527, the situation disclosed was that the accused were indicted and arraigned on March 31, 1931, and tried six days later, during which time there was no definite appointment of counsel for them. In the instant case the record affirmatively shows that appellant had the assistance of counsel for at least 24 days. It may have been longer, for the record does not disclose when the employment began or terminated. From this it can be seen that Powell v. Alabama, supra, does not control.

■ With respect to the alleged failure of appellant's attorney to proceed with the appeal, the justification for that action was said to be the inability to pay the docket fee. The reason assigned is not a substantial one, for, so far as the record appears, the appeal could have been prosecuted in forma pauperis, without the necessity of paying such fee.

While it has been said that an accused "requires the guiding hand of counsel at every step in the proceedings against him" (Powell v. Alabama, 287 U.S. 45, 69, 53 S. Ct. 55, 64, 77 L.Ed. 158, 84 A.L.R. 527; Johnson v. Zerbst, 304 U.S. 458, 463, 58 S. Ct. 1019, 82 L.Ed. 1461) it is not clear as to when counsel appointed for trial is relieved of his duty to proceed further. It may be that counsel appointed to represent an accused for trial is relieved of any duty to proceed further upon judgment of the trial court; and that the accused, after conviction, should request either the trial court or the appellate court to appoint counsel for the appeal. We think, however, that we need not decide those questions.

■ In Johnson v. Zerbst, 304 U.S. 458, 463, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, it was held that the federal courts have no power or jurisdiction to render judgment and sentence against an accused "unless he has or waives the assistance of counsel". If the trial court does so, then the rule that the "judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by habeas corpus" (Johnson v. Zerbst, supra, 304 U.S. page 468, 58 S.Ct. page 1025, 82 L.Ed. 1461) is applicable. The judgment herein was not void for that reason because appellant had the assistance of counsel. He is now detained under a judgment which was not void, but at most, erroneous and subject to reversal only upon appeal. Not having shown that the judgment under which he is detained was void, he may not, we think, obtain his release on habeas corpus for errors thereafter occurring.

■ In the absence of any showing that appellant requested the appellate court to appoint counsel for him to assist in his appeal there is no question before us relating to his being without counsel in such appellate

court for appellant is detained under a judgment of the trial court, not of the appellate court.

Affirmed.