## CLARKE v. HUFF.

### No. 7772.

United States Court of Appeals for the District of Columbia.

March 31, 1941.

Neil Burkinshaw, of Washington, D. C., for appellant.

Edward M. Curran, U. S. Atty., and Bernard Margolius, William S. Tarver, Charles B. Murray, and Dennis McCarthy, Asst. U. S. Attys., all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

PER CURIAM.

The appeal is from an order of the District Court discharging a writ of habeas corpus, dismissing appellant's petition upon which it was issued and remanding appellant to the custody of the appellee.

Appellant was convicted and sentenced to imprisonment for the crime of embezzlement. As grounds for release he asserts that his constitutional rights have been violated in the course of the criminal proceedings which resulted in his conviction. The alleged violations consisted in: (1) the fact that he was indicted by a grand jury without a warrant having been issued for his arrest prior to the indictment and without a preliminary hearing having been afforded to him; (2) alleged intimidation of Government witnesses by the prosecuting attorney at the trial; (3) the refusal of the court at the habeas corpus proceeding below to admit evidence offered by the appellant addressed to the issue of his guilt or innocence of the crime for which he was convicted.

There is no constitutional right to a preliminary hearing prior to indictment or prior to trial. Goldsby v. United States, 1895, 160 U.S. 70, 73, 16 S.Ct. 216, 40 L.Ed. 343; Garrison v. Johnston, 9 Cir., 1939, 104 F.2d 128, 130; Moore v. Aderhold, 10 Cir., 1939, 108 F.2d 729, 731. Nor is there a constitutional right to be apprised of grand jury proceedings by a warrant issued for arrest prior to such proceedings. Cf. United States v. Thompson, 1920, 251 U.S. 407, 413, 40 S.Ct. 289, 64 L.Ed. 333; Blair v. United States, 1919, 250 U.S. 273, 282, 39 S.Ct. 468, 63 L.Ed. 979; Hale v. Henkel, 1906, 201 U.S. 43, 59–65, 26 S.Ct. 370, 50 L.Ed. 652; United States v. Liebrich, D.C.M.D.Pa.1932, 55 F.2d 341; United States v. Reilly, D.C.E.D.Pa.1929, 30 F.2d 866; United States ex rel. Perry v. Hiatt, D.C.M.D.Pa.1940, 33 F.Supp. 1022.

The only evidence to sustain the charge of intimidation by the prosecuting

attorney was in the fact that a few minutes before the trial he interviewed certain of the witnesses, showed them signed statements which they had made of their testimony before the grand jury, and asked whether the statements made by them were true and whether they constituted their testimony before the grand jury. The witnesses replied in the affirmative and the prosecuting attorney then stated he was glad to hear that the statements were true because if they intended to testify differently at the trial their testimony would constitute perjury. The trial court found that there was no intimidation in these acts and we think the finding clearly was correct.

As to appellant's third contention, it is axiomatic that habeas corpus may not be employed to review the sufficiency of the evidence to sustain the conviction or to correct mere error in the admission or exclusion of testimony. In re Gregory, 1911, 219 U.S. 210, 31 S.Ct. 143, 55 L.Ed. 184; Harlan v. McGourin, 1910, 218 U.S. 442, 448, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849; Pope v. Huff, — App.D.C. —, 117 F.2d 779, decided January 21, 1941.

The judgment is affirmed.