**Wesley WALKER, Jr., Petitioner,**

v.

**Charles M. RODGERS et al., Respondents.**

**Misc. No. 3138.**

United States Court of Appeals
District of Columbia Circuit.

Jan. 11, 1968.

Mr. Wesley Walker, Jr., filed the petition, pro se.

Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., entered appearances for respondents.

Before BURGER, McGOWAN and ROBINSON, Circuit Judges.

**PER CURIAM:**

On May 15, 1967, while petitioner was in jail serving sentence on other offenses, the grand jury returned an original indictment charging him with robbery and assault with a deadly weapon. On August 14, 1967, he petitioned the District Court for a writ of mandamus ordering the indictment dismissed on the ground of a due process deprivation of a preliminary hearing, relying on Blue v. United States, 119 U.S.App.D.C. 315, 342 F.2d 894 (1964), cert. denied, 380 U.S. 944, 85 S.Ct. 1029, 13 L.Ed.2d 964 (1965). See, also, Ross v. Sirica, 127 U.S.App. D.C. 10, 380 F.2d 557 (1967). Being denied relief in the District Court, he now asks this court for leave to appeal that denial without prepayment of costs.

This exact question has been before this court before. Clarke v. Huff, 73 App.D.C. 351, 119 F.2d 204 (1941). Clarke had been arrested for the first time after indictment, but claimed the right to have a preliminary hearing. The court held that

[T]here is no constitutional right to a preliminary hearing prior to indictment or prior to trial. Goldsby v. United States, 1895, 160 U.S. 70, 73, 16 S.Ct. 216, 40 L.Ed. 343; Garrison v. Johnston, 9 Cir., 1939, 104 F.2d 128, 130; Moore v. Aderhold, 10 Cir., 1939, 108 F.2d 729, 731. Nor is there a constitutional right to be apprised of grand jury proceedings by a warrant issued for arrest prior to such proceedings (citations omitted.)

In both *Blue* and *Ross* this court was addressing itself to a claim that there had been a failure to observe the statutory and Federal Criminal Rule requirements in proceedings before a magistrate following an arrest *prior* to indictment. Nothing therein contained has any application to the situation where criminal proceedings are initiated in the first instance by indictment. Clarke v. Huff continues to be the authoritative pronouncement by the court in this regard, and renders an appeal in this matter wholly unavailing.

The petition is denied.