STATE, Respondent, v. HARRELL, Appellant.

*No. State 10. Argued September 6, 1968.—Decided October 1, 1968.*
(Also reported in 161 N. W. 2d 223.)

190

For the appellant there was a brief and oral argument by *Burton B. Polansky* of Milwaukee.

For the respondent the cause was argued by *Harold B. Jackson, Jr.,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *David J. Cannon,* district attorney.

WILKIE, J. Two issues are presented for this court's consideration.

(1) Whether the defendant was informed that the sentence actually imposed could be imposed.

(2) Whether *State v. Reppin* [1] requires a complete record of the advice given to a defendant concerning the sentence that could be imposed.

In *State v. Reppin* [2] this court stated:

"Recently the American Bar Association Project on Minimum Standards for Criminal Justice issued a tentative draft on Standards Relating to Pleas of Guilty. These standards adopt the 'manifest injustice' test of Rule 32 (d) of the Federal Rules of Criminal Procedure and implements it with four factual situations which the advisory committee believes independently establish man-

---

[1] (1967), 35 Wis. 2d 377, 151 N. W. 2d 9.
[2] *Id.* at pages 385, 386.

ifest injustice when proved by the defendant. We agree and adopt this standard."

The court also added that "a court would abuse its discretion if it denied a request to withdraw a plea of guilty when any one of these four grounds was proved." [3]

The standards adopted by the court provide in part:

"(a) The court, should allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.

"...

"(ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:

"...

"(3) the plea was involuntary, or was entered without knowledge of the charge or that *the sentence actually imposed could be imposed*, . . ." (Emphasis added.) [4]

Defendant contends that he was not informed that the sentence actually imposed could be imposed. The record fails to indicate that the sex crimes law was adequately explained to defendant. This being so it is necessary to determine if events that occurred off the record sufficiently informed defendant as to the potential consequences of a guilty plea.

At the arraignment Judge HOLZ summarized for the record the events which transpired at the pretrial conference. Although this summary contains no reference to an explanation of the sex crimes law, the summary does include a statement that the attempted rape charge carried a possible fifteen-year sentence. Also, based on hearing testimony regarding what transpired at the pretrial conference, Judge PFIFFNER determined that Judge HOLZ had in fact fully explained the sex crimes

---

[3] *Id.* at page 386.

[4] *Id.* at page 385, note 2, quoting from American Bar Association Project on Minimum Standards for Criminal Justice—Pleas of Guilty (Tentative Draft, February, 1967), Part II, pp. 9, 10. (Since approved by the Board of Governors.)

law including the fact that if defendant were found to be deviated, the trial court (Judge HOLZ) could not determine the length of the possible prison term. Thus, there is credible evidence to support the finding of Judge PFIFFNER that Judge HOLZ had properly instructed defendant concerning the sex crimes law.

Notwithstanding this court's affirmance of this finding of Judge PFIFFNER'S, defendant still argues that as a matter of law he can withdraw his plea because the alleged explanation of the sex crimes law was not on the record. Defendant's argument rests on his contention that *Reppin* requires a record of this matter and cites an article in the December, 1967, issue of the Wisconsin Bar Bulletin [5] which concludes that:

"Thus by adopting the American Bar Association standards, the defendant's rights will be further protected in that the court and district attorney must make a complete record of their advice to the defendant or will face a trial at a later date because defendant will be allowed to withdraw the guilty plea."

However, in *Reppin* it is clear that this court adopted only the "manifest injustice" test [6] and made no determination with regard to the necessity of a record. The state concedes that a record *should* have been made but properly contends that a record on this matter is not required.

This whole controversy could have been avoided if Judge HOLZ had made a record of what transpired at the August 18, 1966, pretrial conference at the time of that conference.

Henceforth [7] a record should be kept, as recommended by sec. 1.7 of the aforementioned ABA tentative draft on

---

[5] Smith, *Withdrawal of Guilty Plea*, Wisconsin Bar Bull., December, 1967, 49, 52.

[6] *State v. Reppin, supra,* footnote 1, at page 386.

[7] *See Jones v. State* (1967), 37 Wis. 2d 56, 69, 154 N. W. 2d, 278, 155 N. W. 2d 571; *Sparkman v. State* (1965), 27 Wis. 2d 92, 98, 133 N. W. 2d 776.

Pleas of Guilty,[8] where important portions of the "court's advice to the defendant"[9] take place at a pretrial or other in-chambers conference, or in open court.

*By the Court.*—Order affirmed.

---

[8] American Bar Association Project on Minimum Standards for Criminal Justice—Pleas of Guilty, *supra,* footnote 4.

[9] *Id.* Part I, at page 8.