James Edward **BURBEY**, Jr., #12279, Petitioner,

v.

John C. **BURKE**, Warden, Wisconsin State Prison, Respondent.

No. 67–C–252.

United States District Court
E. D. Wisconsin.

Jan. 24, 1969.

Alan Marcuvitz, Milwaukee, Wis., for petitioner.

Bronson C. LaFollette, Atty. Gen., and William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

## OPINION AND ORDER

REYNOLDS, District Judge.

Petitioner, who was confined in the Wisconsin State Prison, filed a petition for writ of habeas corpus with this court on August 7, 1967. The State of Wisconsin filed a return and the petitioner a traverse. An attorney was appointed to represent petitioner before this court. At a pretrial conference held April 23, 1968, it was stipulated that the legal issues in the case are the following:

1. Does the lack of a preliminary hearing raise a federal issue?

2. Was the plea of guilty intelligently and knowingly entered?

3. Is the Sex Crimes Act[1] of the State of Wisconsin, under which petitioner was committed, unconstitutional?

An evidentiary hearing was held. Post-hearing briefs have been filed by counsel for petitioner and for the State of Wisconsin. The questions there raised are now before this court for decision.[2]

---

1. Section 959.15, Wisconsin Statutes (1965).

2. Petitioner Burbey was given an absolute discharge from custody in December 1968.

The petition, however, is not moot as it was filed while petitioner was in custody. Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

## FACTS LEADING UP TO PETITIONER'S CONVICTION AND INCARCERATION

To rule on the contentions of petitioner now before the court, the facts leading up to his conviction and commitment must be briefly stated.

Petitioner Burbey was arrested in Price County, Wisconsin, at about 10:30 in the morning of February 19, 1962. Counsel was appointed for him by Judge Carl E. Bjork at 3:30 p. m. on the same day. Prior to the appointment of counsel, petitioner remained in jail but was visited by his parents. Petitioner conferred with his attorney from 3:30 p. m. until court resumed at 4:15 p. m. Shortly after court resumed, and while still attended by his attorney, petitioner entered a plea of "guilty" to the charges of attempted enticement of a child for immoral purposes and indecent liberties. Petitioner was thereupon committed to the custody of the State Department of Public Welfare for a social, physical, and mental examination prior to sentencing, pursuant to the Wisconsin Sex Crimes Act.

After the presentence examination, the State Department of Public Welfare recommended that petitioner be committed to its custody, and this was done by order of County Judge Carl E. Bjork on April 24, 1962. It is conceded that there was no hearing after the presentence investigation but prior to the commitment as now required by the Wisconsin Supreme Court in Huebner v. State, 33 Wis. 2d 505, 147 N.W.2d 646 (1967). Petitioner was confined in the Wisconsin State Prison at Waupun, Wisconsin, as are others committed under the Sex Crimes Act commitment procedures of Wisconsin.

## DOES THE LACK OF A PRELIMINARY HEARING RAISE A FEDERAL ISSUE?

It is conceded that no preliminary hearing was held in this case. It further appears from the record before this court that no demand for a preliminary hearing was made, and no motion to dismiss because of the failure to hold such hearing was entered. It is equally clear that Wisconsin law requires a preliminary hearing in most circumstances.[3]

The question presented, therefore, is whether the lack of a preliminary hearing—which this court will assume without deciding was required by state law in this instance—deprived the petitioner of his rights under the 14th amendment of the United States Constitution. In this circuit, and others, there is no federal constitutional right to a preliminary hearing per se.

The Court of Appeals for the Seventh Circuit in Odell v. Burke, 281 F.2d 782, 786 (7th Cir. 1960), cert. denied 364 U.S. 875, 81 S.Ct. 119, 5 L.Ed. 2d 96, rehearing denied 372 U.S. 932, 83 S.Ct. 875, 9 L.Ed.2d 736, has stated:

"In the first place, there exists no constitutional right to demand a preliminary hearing prior to indictment or trial. Goldsby v. United States, 160 U.S. 70, 73 [16 S.Ct. 216, 40 L.Ed. 343] * * *; Clarke v. Huff, 73 App.D.C. 351, 119 F.2d 204; Moore v. Aderhold, 10 Cir., 108 F.2d 729; Garrison v. Johnson, 9 Cir., 104 F.2d 128, 130, certiorari denied 308 U.S. 553 [60 S.Ct. 107, 84 L.Ed. 465] * * *. We think it axiomatic that, if a state may dispense entirely with preliminary hearings without transgressing the federal due process mandate, it may likewise conduct such hearings informally, so long as the procedure employed does not operate to the prejudice of a defendant in the subsequent trial of his cause in such a way that it must be characterized as a violation of some fundamental principle of justice."

This same result was reached by the Court of Appeals for the Sixth Circuit

---

3. Section 955.18(1), Wisconsin Statutes (1965).

in Dillard v. Bomar, 342 F.2d 789, 790 (6th Cir. 1965):

"We do not find that the Supreme Court has ever held that an accused has a constitutional right to a preliminary hearing. * * *"

## WAS THE PLEA OF GUILTY INTELLIGENTLY AND KNOWINGLY ENTERED?

Petitioner was represented by counsel, and had been with his counsel for forty-five minutes before the court session at which he entered the plea of guilty. At the evidentiary hearing before this court, the attorney appointed for Burbey was described by the district attorney as one who had appeared opposite the prosecution "more than any other single counsel," and was further described by the district attorney as being a very competent defense attorney. The trial court transcript indicates that in response to the court's question of whether the petitioner had consulted with and had "fully" discussed the charges with his defense counsel, petitioner answered "yes."

The crux of petitioner's claim that his plea was not intelligently and knowingly entered is his claim that he believed he would be sent to a hospital rather than the Wisconsin State Prison for treatment. The type of commitment under the Wisconsin Sex Crimes Act, petitioner now claims, was not explained to him.

■■ In the State of Wisconsin, the appointment of competent defense counsel " * * * gives rise to a presumption that the defendant has been informed of the nature of the offense with which he is charged, the range of punishment, the possible defenses, and that he has understandingly considered these factors with the help of counsel. Such a presumption can be overcome only by a clear showing to the contrary." State v. Koerner, 32 Wis.2d 60, 65, 145 N.W.2d 157, 160 (1966). Petitioner's state court counsel was not called to testify at the hearing in this court. In the case at bar, the petitioner has made no "clear showing to the contrary."

■ In State v. Harrell, 40 Wis.2d 187, 161 N.W.2d 223 (1968), the Wisconsin Supreme Court has instituted a new rule requiring that an explanation of the sex crimes laws be made on the record. This rule is explicitly given prospective application only. Petitioner does not fall within the mandate of this new state rule.

■ Assuming arguendo that the commitment procedure under the sex crimes laws was not explained to petitioner, he still is not entitled to a writ of habeas corpus on that ground. The consequences of conviction under the so-called Wisconsin Sex Crimes Act had not been made known to *uncounseled* petitioners in Butler v. Burke, 360 F.2d 118 (7th Cir. 1966), cert. denied 385 U.S. 835, 87 S.Ct. 79, 17 L.Ed.2d 69; Cox v. Burke, 361 F.2d 183 (7th Cir. 1966); or Spanbauer v. Burke, 374 F.2d 67 (7th Cir. 1966), cert. denied 389 U.S. 861, 88 S.Ct. 111, 19 L.Ed.2d 127. Yet the court of appeals has affirmed the district court's denial of writs of habeas corpus to those petitioners despite the lack of an explanation of that law.

If, as a result of the above three decisions, it is no longer an "open question" whether the absence of an explanation of the consequences of the Sex Crimes Act renders a conviction thereunder invalid in waiver of counsel cases [Witte v. Burke, 281 F.Supp. 300, 305 (W.D.Wis. 1968)], certainly the presence of counsel at the time the plea is entered, as in the present case, presents an even more closed question.

The presence of defense counsel in the instant case gave petitioner an added advantage concerning an explanation of the consequences of his guilty plea which Butler, Cox, and Spanbauer never enjoyed.

## IS THE WISCONSIN SEX CRIMES ACT UNCONSTITUTIONAL?

Petitioner asks this court to declare the Wisconsin Sex Crimes Act[4] unconstitutional on its face by concluding that the Wisconsin provisions are like those struck down by the United States Supreme Court in Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967).

█ Specht v. Patterson, supra, is readily distinguishable. The fundamental distinction between the case at bar and *Specht* is that under the Colorado law involved in *Specht*, the defendant was subject to and actually received a commitment for life by virtue of a psychiatric report prepared and given to the trial judge before sentencing, although the crime for which he was convicted carried a maximum sentence of ten years. Under the Wisconsin Act, petitioner's initial commitment cannot exceed the maximum for which he might have been sentenced.

Consequently, in the view of this court, the Wisconsin Sex Crimes Act does not, on its face, infringe upon the petitioner's constitutional rights.

Petitioner contends that his submission to a presentence examination following his conviction of certain sex crimes violations required him to testify against himself in violation of the 5th amendment.

However, there was no new charge against petitioner—the commitment for presentence study followed automatically as a consequence of petitioner's conviction. The disposition of the case as a result of petitioner's presentence examination in no event involves more of his lifetime than it might if the Act did not exist, so far as his initial commitment is concerned.

█ While the scope of the privilege against self-incrimination is comprehensive, the privilege does not extend to the situation where a conviction has already been obtained. Petitioner has not claimed that the presentence investigation required him to divulge information which could be used against him in a separate and distinct criminal charge. Such a situation would, of course, present an entirely different question than that presently before the court.

On the facts now before the court, petitioner's claim that his rights under the 5th amendment were violated by the presentence investigation are without merit.

Petitioner contends that his commitment to the Department of Public Welfare under the Wisconsin Sex Crimes Act resulted mainly in his confinement and punishment, indistinguishable from that of criminal inmates at the Wisconsin State Prison, thereby denying him due process and equal protection of the laws.

█ Petitioner's main argument for establishing a lack of treatment under the Act is that he had but one session with a psychiatrist for the purposes of individual therapy while committed. At the evidentiary hearing, however, the chief psychologist of the sex crimes facility and a psychiatrist at the sex crimes facility testified that group therpy was markedly superior to individual therapy sessions for those committed under the Sex Crimes Act in the preponderance of cases. It was also the professional opinion of the chief psychologist that group therapy was the preferable treatment for the petitioner.

This preferred treatment of group therapy was not only offered to but also urged upon petitioner during his commitment to the sex crimes facility. The record indicates that petitioner attended group therapy sessions at least 189 times during his commitment. The gaps that appear in the records of his attendance are the result of petitioner's refusal to participate; they do not indicate a failure on the part of the state to offer the treatment.

The evidence at the hearing indicated that the frequency of therapy for a given individual depends largely on his willing-

---

4. Section 959.15, Wisconsin Statutes (1965).

ness to accept it. Therefore, it cannot be deemed a denial of equal protection if petitioner, by his own choice, did not receive as much therapy as other persons similarly committed.

The doctors further testified that other types of treatment, in addition to group therapy, were available at the prison. An occupational program, a religious program, and a limited educational program were also available. The physical confinement of the prison was also considered an element of therapy.

Consequently, petitioner's contention that he did not receive treatment while at the sex deviate facility is totally without merit.

It is therefore ordered that the petition of James Edward Burbey, Jr., for a writ of habeas corpus shall be and it is hereby dismissed.

See also, D.C., 290 F.Supp. 725.