Ronald Clifton **COOLEY**

v.

**William J. STONE, Appellant.**

No. 23114.

United States Court of Appeals
District of Columbia Circuit.

Argued June 24, 1969.

· Decided July 14, 1969.

Mr. Leo N. Gorman, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Hubert B. Pair, Acting Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, were on the motion, for appellant.

Mr. Peter R. Kolker, Washington, D. C., argued the motion for appellee.

Before WRIGHT, McGOWAN and TAMM, Circuit Judges.

PER CURIAM:

Appellee, a 16-year-old, was taken into custody by the police on May 11, 1969, in conjunction with a burglary and detained at the Receiving Home for Children. A detention hearing was held the next day but, despite counsel's request for a judicial inquiry into probable cause, the only matter explored was the advisibility of releasing appellee to his mother's custody. At the conclusion of the hearing, appellee was remanded to the Receiving Home and the initial hearing [1] was set for May 19. At the initial hearing, appellee pleaded not involved and once more sought a determination of probable cause. Again the request was denied.

 Frustrated in his attempt to obtain a probable cause hearing in the Juvenile Court, appellee sought relief by *habeas corpus* in the District Court. The application for the writ was filed prior to the initial hearing, but it came on for hearing on May 27, after the initial hearing, at a time when appellee had been confined for 16 days without a judicial determination of probable cause to believe that he was involved in the offense alleged. The District Judge granted the writ, ruling orally as follows:

"No person can be lawfully held in penal custody by the state without a prompt judicial determination of probable cause. The Fourth Amendment so provides and this constitutional mandate applies to juveniles as well as adults. Such is the teaching of *Gault* and the teaching of *Kent*. The historic writ of habeas corpus is

1. This is the Juvenile Court equivalent of arraignment.

the proper way to challenge illegal detention or irregularities in procedures leading to detention, as was clearly set forth in Washington v. Clemmer, [119 U.S.App.D.C. 216] 339 F.2d 715.

"Cooley is incarcerated at the Receiving Home and has been there since May 11th. He was denied a probable cause hearing, both on May 19 when his matter came on for initial hearing, and at his earlier detention hearing on May 12.

"The writ shall be granted. Certainly by the stage of the initial hearing, a probable cause hearing when requested is required under the Constitution to support the continued penal custody of a juvenile in this jurisdiction."

We fully agree with the District Court's ruling and affirm it. Indeed, the result would be compelled on Fifth Amendment grounds as well as the Fourth Amendment ground relied on in the District Court.

■ Appellant raises for the first time on appeal a challenge to the District Court's jurisdiction, citing Fulwood v. Stone:[2] In that case the court granted relief by way of *habeas corpus* in a case challenging a Juvenile Court bail determination. The court noted that no challenge to jurisdiction had been made below or on appeal and that to remand the juvenile to new procedures would cause an excessive delay in relief. The court pointed out, however, that while the District Court had jurisdiction to consider such a request, it should under ordinary circumstances withhold the remedy of *habeas corpus* because the juvenile had an effective remedy through appeal to the District of Columbia Court of Appeals. Similar circumstances lead us to affirm the use of *habeas corpus* here, but we take this occasion to remind the District Court that it should

explore the availability of relief by way of immediate appeal to the District of Columbia Court of Appeals before granting *habeas corpus* relief.[3]

Affirmed.

Circuit Judge McGOWAN did not participate in the consideration or disposition of these motions.

2. 129 U.S.App.D.C. 314, 394 F.2d 939 (1967). The *Fulwood* case was mentioned in the District Court, but it was not cited for its discussion of jurisdiction.

3. At oral argument, Corporation Counsel stated that an order of detention pending

an adjudication of delinquency would be appealable. *Cf.* Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1952); Fulwood v. Stone, 129 U.S.App.D.C. 314, 394 F.2d 939 (1967).