**In re Marion Cooper TAYLOR.**

**No. 4979.**

District of Columbia Court of Appeals.

Aug. 3, 1970.

Marie S. Klooz, Washington, D. C., for appellant Taylor.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Hubert B. Pair, Acting Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellee District of Columbia.

On Petition for Rehearing

Before KERN, GALLAGHER and NEBEKER, Associate Judges.

GALLAGHER, Associate Judge.

As the result of a break-in at the Irving Street Mens' Shop on upper 14th Street on April 22, 1968, in which some clothing was stolen, a petition was filed on May 18, 1968, charging appellant, a juvenile, with second degree burglary and petit larceny. The petition was signed and verified by a Youth Division Officer who investigated the case, conceded by the government not to have been the arresting officer.

At the initial hearing on May 14, 1968, appellant denied the allegations in the petition and moved to dismiss on the ground that the wrong complaining witness was named. Without acting on the motion the

court ordered the proper name entered by amendment (the named complainant having sold the business about 3 months before). The court also acted to give the government an opportunity to amend the charge, since the name of the second offense was missing and both statutory references were omitted. At the same proceeding a hearing on appellant's then current probationary status was held. No government counsel, complaining witness, or police officer appeared. The court revoked probation in an unrelated case and ordered appellant committed to the Department of Public Welfare, but suspended the commitment on condition that he comply with the original conditions of his probation, enter the Job Corps the next day, and satisfactorily adjust to his training therein.

The case came on for trial on February 13, 1969, at which time appellant offered a written motion to dismiss, alleging:

(1) that the petition was defective since it named the wrong complaining witness;

(2) that the petition was defective since it was not signed by the arresting officer, as required by D.C. Code 1967, § 16–2306; and

(3) that no determination of probable cause was made at the initial hearing.

The motion was denied and the case proceeded to trial, after which the court found appellant "involved" and revoked the suspension of appellant's commitment previously ordered at the initial hearing.

As error, appellant assigns the following: (1) the petition should have been dismissed as defective since it was not verified by the arresting officer; and (2) the failure of the trial court to afford him a probable cause hearing constituted a denial of due process.

We see no merit in appellant's first contention. A careful reading of the statutes involved, D.C. Code 1967, §§ 16–2306(a) and 16–2302, leads us to conclude that Section 16–2306 has no application to this issue because, insofar as pertinent, it covers only the situation where a juvenile is detained after arrest.[1] Under Section 16–2302, however, it is permissible, in such circumstances as here, for a Youth Division Officer to verify the petition. The statute requires only that a person having "personal knowledge of the *case*" verify the petition. Appellant is equating "personal knowledge of the case" with "personal knowledge of the *offense*" in contending that verification of the petition under § 16–2302 must be by the arresting officer or the complaining witness, and no one else.

The statutory language must be given a reasonable interpretation. As in the arrest area, where an officer need not have personal knowledge concerning the offense in order to make an arrest on probable cause,[2] in the sense of having been a witness, we think the Youth Division Officer need not "witness" the offense to verify the petition. His functions equip him with information about the "case" sufficiently reliable to safeguard the interests of the accused juvenile.

When a regular police officer takes a juvenile into custody a Youth Division Officer is immediately called. He first checks to make sure the child's parents have been notified. The parents and child are interviewed, and the officer conducts any necessary preliminary investigation. Finally, the officer decides whether to send the case to the Juvenile Court, to close the case with a warning to the juvenile, or to schedule a hearing before the Division's Juvenile Screening and Referral Squad.[3] Thus, the Youth Division Officer, who has not par-

---

1. There was no such detention here.

2. *See, e. g.*, Daniels v. United States, 129 U.S.App.D.C. 250, 252, 393 F.2d 359, 361 (1968).

3. Report of the President's Commission on Crime in the District of Columbia at 637 (1966).

ticipated in the arrest, has gathered "personal knowledge" of the circumstances which make up the "case" concerning the juvenile and may verify the petition as provided in § 16–2302.

 As to appellant's second contention, we note first that the transcript of the initial hearing fails to show that appellant requested a hearing on probable cause at that time.[4] We will, however, consider the merits of appellant's contention. It was recently decided that a probable cause hearing is required where the juvenile is detained. Cooley v. Stone, 134 U.S.App.D.C. 317, 414 F.2d 1213 (1969). It is conceded that no detention occurred here. We find that fact persuasive in concluding that the due process concept mandated by In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed. 2d 527 (1967), did not require such a hearing in this case. Moreover, Rule 5 of the Federal Rules of Criminal Procedure is not, as appellant seems to contend,[5] applicable to juvenile proceedings. Kent v. United States, 383 U.S. 541, 545 n. 3, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), citing Edwards v. United States, 117 U.S.App.D.C. 383, 330 F.2d 849 (1964), and Harling v. United States, 111 U.S.App.D.C. 174, 295 F.2d 161 (1961).

Notwithstanding the foregoing we must remand for further proceedings. While this case was pending before us the United States Supreme Court decided In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), establishing that due process of law mandates the standard of proof "beyond a reasonable doubt" in juvenile (as well as adult) proceedings. We think that the application in appellant's trial of the constitutionally defective standard of proof by a "preponderance of the evidence" was "plain error" affecting substantial rights, which we should notice al-

though appellant did not complain of it. G.S.Crim.R. 52(b).[6]

Accordingly, the case is remanded to the Juvenile Court for a determination by the trial judge,[7] after review of the record, as to whether the allegations of the government's petition were supported by proof beyond a reasonable doubt. In the absence of a finding that there was such proof the petition will be dismissed. In re Winship, *supra*; In re Ellis, C.A.D.C., 429 F.2d 214 (decided June 29, 1970).

Remanded for further proceedings.

---

4. *See*, as to appellant's remedies, Blue v. United States, 119 U.S.App.D.C. 315, 320–324, 342 F.2d 894, 900–901 (1964).

5. Reply Brief for Appellant at 3.

6. The decision in *Winship* was not issued until after briefs were filed and oral argument was heard in this case.

7. This case was tried to the court sitting without a jury.