**Larry Daniel BROWN, Appellant,**

v.

**Honorable John FAUNTLEROY,
Appellee.**

**No. 24189.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 26, 1970.

Decided Feb. 26, 1971.

Tamm, Circuit Judge, concurred in result and filed opinion.

---

Mrs. Patricia M. Wald, Washington, D. C. with whom Mr. E. Calvin Golumbic, Washington, D. C., was on the brief, for appellant.

Mr. Leo N. Gorman, Asst. Corp. Counsel for the District of Columbia, with whom Mr. Hubert B. Pair, Acting Corp. Counsel at the time the brief was filed, and Mr. Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellee.

Before BAZELON, Chief Judge, FAHY, Senior Circuit Judge, and TAMM, Circuit Judge.

FAHY, Senior Circuit Judge:

The District of Columbia Court of Appeals denied appellant's petition for a writ of mandamus to compel the Juvenile Court to grant a hearing to determine if there was probable cause to hold appellant for trial for unauthorized use of a vehicle, an offense defined by D.C. Code § 22–2204.[1] He had been arrested on November 2, 1969, at the age of 16 years, for conduct proscribed by that provision of the Code. We allowed an

1. The punishment prescribed by Section 22–2204 is a fine not exceeding one thou- sand dollars or imprisonment not exceed- ing five years, or both.

appeal to this court from the order of the District of Columbia Court of Appeals of March 27, 1970, denying the relief sought.

Appellant has resided with his mother in this jurisdiction since his first appearance in the Juvenile Court in this matter. He has not been tried insofar as we are advised. We think his request for a probable cause hearing should be honored notwithstanding his release pending trial.

**I**

The Fourth Amendment to the Constitution protects a person against "unreasonable * * * seizures" and provides that no warrant shall issue "but upon probable cause." Appellant when arrested was seized, and unless upon probable cause the seizure was unreasonable and in violation of the Fourth Amendment. *See, e. g.,* Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959). He has remained in the status of a person arrested for conduct defined as a crime and is subject to trial for that conduct as a juvenile delinquent, possibly to remain as such under the jurisdiction of the Juvenile Court until he is 21 years of age.

■ The Fourth Amendment is of general application to persons seized by public authority. This court accordingly held in Cooley v. Stone, 134 U.S.App. D.C. 317, 414 F.2d 1213 (1969), that a 16 year-old juvenile, taken into custody and detained pending trial, was entitled to a probable cause hearing. Our opinion incorporated the following statement of the District Court:

"No person can be lawfully held in penal custody by the state without a prompt judicial determination of probable cause. The Fourth Amendment so provides and this constitutional mandate applies to juveniles as well as adults. Such is the teaching of *Gault* [In re Gault, 387 U.S. 1, 87 S. Ct. 1428, 18 L.Ed.2d 527 (1967)] and the teaching of *Kent* [v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed. 2d 84 (1966)]."

We added that this result "would be compelled on Fifth Amendment grounds as well as the Fourth Amendment ground relied on in the District Court."

■ It follows from *Cooley* that it is immaterial that a juvenile does not have a right to a hearing under Rule 5, Fed. R.Crim.P. The Rule affords an adult a preliminary hearing to test the validity of his arrest under the probable cause criterion of the Fourth Amendment. This court's grant to a juvenile—albeit in custody pending trial—of a means of obtaining the same test demonstrates our view that the right derives from the Constitution itself rather than the Rule.[2] The difference simply is in the method of obtaining the hearing.

The only issue which remains, then, is whether the constitutional right extends to a juvenile who is released pending his trial, which we discuss in Part II of this opinion. Before doing so, however, we

---

2. The Supreme Court, while it has not found it necessary to place upon a Constitutional foundation the right granted an accused by Rule 5, Fed.R.Crim.P., has recognized the fundamental nature of the right. McNabb v. United States, 318 U.S. 332, 343–344, 63 S.Ct. 608, 87 L.Ed. 819 (1943); *see* Mallory v. United States, 354 U.S. 449, 454, 77 S.Ct. 1356, 1 L.Ed. 2d 1479 (1957); Giordenello v. United States, 357 U.S. 480, 484, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958). The decision of the Court in Coleman v. Alabama, 399 U.S. 1, 9, 90 S.Ct. 1999, 26 L.Ed. 2d 387 (1970), also reflects the Court's

view of the importance of a probable cause hearing to protect rights afforded the accused. As Professor A. Kenneth Pye has stated: "The present hearing provision [of Rule 5] is one of the best devices which we have found to implement the Fourth Amendment's requirement of arrest on probable cause." Hearings Before Senate Subcommittee on Improvements in Judicial Machinery of the Committee of the Judiciary, 89th Cong., 1st Sess., pt. 2, at 270 (1965), quoted in 8 Moore's Federal Practice, ¶ 5.04 n. 1 (2d ed. 1970).

review the cases cited by appellee for the position that the right to a probable cause hearing is not of constitutional status: Goldsby v. United States, 160 U.S. 70, 16 S.Ct. 216, 40 L.Ed. 343 (1895); Clarke v. Huff, 73 App.D.C. 351, 119 F.2d 204 (1941); Walker v. Rodgers, 128 U.S.App.D.C. 420, 389 F.2d 961 (1968). We will also consider recent decisions of the Supreme Court concerning juvenile proceedings.

The statement relied upon in *Goldsby* is the following:

> The contention at bar that because there had been no preliminary examination of the accused, he was thereby deprived of his constitutional guarantee to be confronted by the witnesses, by mere statement demonstrates its error.

160 U.S. at 73, 16 S.Ct. at 218. Obviously this was not a decision under the Fourth Amendment. The question of probable cause as a basis for an arrest was neither raised nor discussed. The Court was referring to Goldsby's claim of violation of his right to confront witnesses as guaranteed by the Sixth Amendment.

In Clarke v. Huff, the language— "There is no constitutional right to a preliminary hearing prior to indictment or prior to trial"—was with respect to a case in which an indictment by a grand jury had been issued prior to defendant's arrest. We are not presently concerned with whether an indictment by a grand jury obviates the need for or is a substitute for a probable cause hearing. As in *Goldsby,* so in Clarke v. Huff, the issue posed in our case was not before

the court. And in Walker v. Rodgers the situation was essentially the same as in Clarke v. Huff, except that the appellant was already in detention serving sentence for other offenses when the indictment was returned without a preliminary hearing. Relying upon Clarke v. Huff, the court refused to order the indictment dismissed.[3]

The Supreme Court has not decided the precise question presented to this court in *Cooley.* But as we there stated our decision followed the teaching of In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L. Ed.2d 527 (1967), and Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L. Ed.2d 84 (1966), to which we add now that it also follows the teaching of In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

In In re *Gault* the Court held that the civil character of juvenile delinquency proceedings did not remove the juvenile from the protection of pertinent provisions of the Constitution. When the over-all civil or quasi-civil character of juvenile proceedings is broken down into its components, a particular component may be found to require conformance with a particular provision of the Constitution. Thus, in In re *Gault,* going beyond the situation dealt with in *Kent,* where the problem of waiver was solved on the basis of statutory and decisional law, the Court held that the right to adequate notice of charges, the right to counsel, and the privilege against compelled self-incrimination apply to state juvenile proceedings through the Due Process Clause of the Fourteenth Amendment.[4]

---

3. The court in *Walker* further pointed out that our decisions in Blue v. United States, 119 U.S.App.D.C. 315, 342 F.2d 894 (1964), cert. denied, 380 U.S. 944, 85 S.Ct. 1029, 13 L.Ed.2d 964 (1965), and Ross v. Sirica, 127 U.S.App.D.C. 10, 380 F.2d 557 (1967), upholding the accused's right to a preliminary hearing with subpoena of witnesses, have no "application to the situation where criminal proceedings are initiated in the first instance by indictment." Nor does the pro-

vision of 18 U.S.C. § 3060(e) (Supp. V, 1970), referred to by appellee, for dispensing with a preliminary hearing when an indictment has been returned or an information filed, apply to the situation before us.

4. It is noteworthy that in *Kent,* in commenting upon the absence of an arraignment for "determination by a judicial officer of probable cause for petitioner's

In re Winship, *supra,* involved "the single, narrow question whether proof beyond a reasonable doubt is among the 'essentials of due process and fair treatment' required during the adjudicatory stage when a juvenile is charged with an act which would constitute a crime if committed by an adult." 397 U.S. at 359, 90 S.Ct. at 1070. The Court pointed out that the Constitution requires proof beyond a reasonable doubt in case of an adult and held that "[t]he same considerations that demand extreme caution in factfinding to protect the innocent adult apply as well to the innocent child." *Id.* at 365, 90 S.Ct. at 1073.

Clearly to be seen from *Kent, Gault,* and *Winship* is the view that a constitutional guarantee of a fundamental right cannot be denied by reference to a proceeding as civil,[5] when the nature of the proceeding, however denominated, calls for the protection afforded by the guarantee. This is especially true where, as in *Kent, Gault, Winship,* and the present

case, denial to juveniles of rights available to adults is not offset, mitigated, or explained by action of the Government as *parens patriae* evidencing a special solicitude for juveniles. *See* Kent v. United States, *supra,* 383 U.S. at 551–52, 86 S.Ct. 1045; In re Gault, *supra,* 387 U.S. at 22, 87 S.Ct. 1428; In re Winship, *supra,* 397 U.S. at 366, 90 S.Ct. 1068.

## II

■■ The fact that appellant is not deprived of his freedom as was the detained juvenile in Cooley v. Stone, and has been left in the custody of his mother, does not serve to remove him from the protection of the Fourth Amendment. The Amendment applies to everyone arrested for conduct defined as a crime and for which he remains subject to answer to the law.[6] It is the arrest, not simply continued detention, to which the Amendment attaches. If the original arrest was without the probable cause

[the juvenile's] apprehension," the Court stated:

> In the case of adults, arraignment before a magistrate for determination of probable cause and advice to the arrested person as to his rights. etc., are provided by law and are regarded as fundamental. Cf. Fed.Rules Crim. Proc. 5(a), (b); Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479. In Harling v. United States, [111 U.S.App.D.C. 174, 295 F.2d 161], the Court of Appeals for the District of Columbia has stated the basis for this distinction between juveniles and adults as follows:
>
> "It is, of course, because children are, generally speaking, exempt from criminal penalties that safeguards of the criminal law, such as Rule 5 and the exclusionary Mallory rule, have no general application in juvenile proceedings." 111 U.S.App.D.C., at 176, 295 F.2d. at 163.
>
> In Edwards v. United States, 117 U.S.App.D.C. 383, 384, 330 F.2d 849, 850 (1964), it was said that: " * * * special practices * * * follow the apprehension of a juvenile. He may be held in custody by the juvenile authorities—and is available to investigating officers—for five days before any

> formal action need be taken. There is no duty to take him before a magistrate, and no responsibility to inform him of his rights. He is not booked. The statutory intent is to establish a non-punitive, non-criminal atmosphere."
>
> We indicate no view as to the legality of these practices. Cf. Harling v. United States, *supra,* 111 U.S.App.D.C., at 176, 295 F.2d, at 163, n. 12.
>
> 383 U.S. at 545 n. 3, 86 S.Ct. at 1049.

5. The well known theory of the Juvenile Acts, whose history and beneficent purposes are elaborated in *Kent* and *Gault,* is that the proceedings are not adversary, that the state occupies the position of *parens patriae,* and that the processes are civil and not criminal. *See, e. g.,* In re Gault, *supra,* 387 U.S. at 16–17, 87 S.Ct. 1428; Pee v. United States, 107 U.S.App.D.C. 47, 49–50, 274 F.2d 556, 558–559 (1959); Shioutakon v. District of Columbia, 98 U.S.App.D.C. 371, 373, 236 F.2d 666, 668 (1956).

6. We do not imply that the Amendment might not also apply in other circumstances not before us, such as when one who has been arrested is no longer subject to answer to the law, or when a person is detained for conduct not defined as a crime.

essential to its validity, the person seized is entitled to have it declared invalid. Unless probable cause is at the foundation of the status in which appellant is placed by the arrest, it is an unlawful status imposed by public authority for which he is entitled to an appropriate remedy. The Amendment commands this result aside from any specific inhibitions or restrictions incident to appellant's situation while he remains with his mother.[7]

True, the custody of one's mother is quite different from that of the warden of a jail or the custodian of a Receiving Home. Nevertheless, the right to be free of a seizure made without probable cause does not depend upon the character of the subsequent custody. Appellant accordingly has the right to have the validity of the seizure determined since he will be called to trial for conduct which led to the seizure.[8]

We went part of the way in this direction by our decision in Drew v. Beard, 110 U.S.App.D.C. 198, 290 F.2d 741 (1961), an adult case, where we said:

> * * * the fact that an accused is at liberty on bond does not in itself constitute a reason for denying him a prompt preliminary hearing, or postponing the hearing to a future date.

While an accused adult at liberty on bond is subject to restraints and is not entirely free, we think the difference between one in that situation and a juvenile in his mother's custody pending trial does not relieve the Government of the obligation to respond to a request for a probable cause hearing to determine whether the arrest of the juvenile was valid. We can think of no offsetting advantages to the juvenile to justify denying the request.[9]

## III

■ If appellant were in detention habeas corpus would have been an appropriate remedy. Since he was at liberty pending trial, however, with habeas corpus of uncertain availability, a petition for writ of mandamus was appropriate. The right to have the hearing upon proper request being certain, there was no discretion to deny it. Response accordingly should be made to the right which the writ communicates. We are confident, however, that the court will promptly grant the hearing. Accordingly, in lieu of our issuance of the writ prayed, our Clerk will transmit a certified copy of this opinion. See In re National Labor Relations Board, 304 U.S. 486, 58 S. Ct. 1001, 82 L.Ed. 1482 (1938); Ross v. Sirica, supra, 127 U.S.App.D.C. at 14, 380 F.2d at 561; Blue v. United States, supra, 119 U.S.App.D.C. at 321, 342 F.2d at 900; and the discussion in Thornton v. Corcoran, 132 U.S.App.D.C. 232, 234–235, 407 F.2d 695, 697–698 (1969).

Reversed and remanded for further proceedings, consistent with this opinion.

---

7. A juvenile in appellant's situation, released to his mother pending trial, will nevertheless suffer disadvantages from his newly acquired status. There is undoubtedly a certain stigma attached to being accused of a crime. Both school authorities and potential employers will probably have him under close surveillance. Furthermore, neither the United States Army nor the Job Corps ordinarily will accept him while the charge is pending against him. See Personnel Procurement, Regular Army Enlistment Program, U. S. Army Regulation 601–210, at 2–12 (May 29, 1970); Job Corps Admissions Manual—Part II (JCH 313.3), at 17 (Jan. 1, 1967).

8. That Congress has recently provided probable cause hearings for one class of juveniles, Pub.L. No. 91–358, § 121(a), 84 Stat. 531 (July 29, 1970), to be codified as D.C.Code § 16–2312(e), does not preclude a holding that such hearings are constitutionally required for another class of juveniles.

9. In view of our disposition of the case we do not reach the question of equal protection of the laws raised by appellant.

TAMM, Circuit Judge (concurring in the result):

Although I find nothing either in Cooley v. Stone, 134 U.S.App.D.C. 317, 414 F.2d 1213 (1969), or in the *Gault* line of cases that deals with non-detained juveniles, I perceive substantial merit in some administrative program which, if only in the interest of prompt disposition, will assure the scheduling of probable cause hearings of non-detained juveniles within a reasonable time after seizure. Recent press dispatches recording the dismissal of some 60 percent of the total number of pending charges in the then Juvenile Court underline the pathetic need for the introduction of procedures designed to introduce a systematic, prompt and legal disposition of the charges against all juveniles.

I quite agree that the Fourth Amendment is for the protection of juveniles as well as adults. It thus logically follows, as the majority indicates, that juveniles "are entitled to an appropriate remedy" to show a faulty arrest. Though it might well be appropriate, when the juvenile is not detained, to hold these probable cause determinations some time prior to the fact-finding hearing, I think it might be wise for the new Superior Court, when it becomes settled and more experienced with its administrative and procedural problems, to study the feasibility of providing *prompt* probable cause hearings for all non-detained juveniles who request it.[1] If these probable cause hearings can be expeditiously granted to non-detained juveniles in the future, much of the uncertainty in these individuals' minds as to the status of complaints against them will disappear and in its place may well march a sorely needed enhancement of both judicial public relations and juvenile appreciation of the fairness of court procedures.

---

[1]. The statute creating the Superior Court of course now requires a prompt probable cause hearing for detained juveniles. District of Columbia Court Reform and Criminal Procedures Act of 1970. Pub.L. No. 91–358, 84 Stat. 531, July 29, 1970. Thus, while I am unable to conclude that there are constitutional, statutory, case law, or procedural rules *requiring* prompt probable cause hearings for non-detained juveniles, I believe sound judicial administration dictates the obvious desirability of such hearings.