**In re Demetrius Rufus BLACK BONNET etc.**

v.

**STATE OF SOUTH DAKOTA et al.**

Civ. No. 72–5033.

United States District Court,
D. South Dakota.

Dec. 1, 1972.

May 14, 1973.

Stephen L. Pevar, Mark V. Meierhenry, Legal Services, Rosebud, S. D., for plaintiff.

William J. Srstka, Jr., Pierre, S. D., for defendants.

MEMORANDUM DECISION

BOGUE, District Judge.

A three-judge court was convened pursuant to 28 U.S.C. §§ 2281 and 2284 to consider the complaint made by Demetrius Rufus Black Bonnet, a juvenile, on his own behalf and on behalf of other juveniles similarly situated, seeking to declare S. D. Compiled Laws Ann. § 26–8–23 (1967), as amended, S. D. Compiled Laws Ann. § 26–8–23 (Supp. 1972), unconstitutional and to enjoin its enforcement. The three-judge Court found the statute manifestly unconstitutional and determined that the constitutional question was therefore insubstantial and the case need not be considered by a three-judge Court, therefore the three-judge court was dissolved and the case was referred to this Court for final disposition.

The undisputed facts show that on July 6, 1972, Demetrius Rufus Black Bonnet, an Indian orphan residing at the Rosebud Attention Center in Mission, South Dakota, was apprehended by the sheriff of Mellette County in the commission of an act which would be criminal if committed by an adult. After placing Black Bonnet in the Mellette County jail, the sheriff filed a petition in district county court to have the juvenile declared a delinquent. The court ordered that Black Bonnet be released to the custody of the Hughes County Sheriff pending a hearing on the delinquency petition. Black Bonnet was then transferred to the Hughes County jail where he remained for six days, being released through a state habeas corpus proceeding.

The issue to be decided here is whether the failure of the state to provide a prompt hearing after plaintiff's arrest and detention was constitutionally impermissible. Plaintiff does not contest his initial arrest and confinement; it is with the *continuation* of his confinement in the Hughes County jail, which was ordered without a hearing, that he adamantly contends violated due process of law. Since this order was made pursuant to a statute of the State of South

Dakota, this action is brought to have that statute declared unconstitutional.

The statute in question, South Dakota Compiled Laws Ann. § 26–8–23 (Supp. 1972) reads as follows:

"At any time after the filing of the petition and pending the final disposition of the case, the court may continue the case from time to time and may allow the child to remain in possession of its custodian or in its own home subject to the friendly visitation of a probation officer, or it may order the child to be placed in the custody of a probation officer of the court, or of any other suitable person appointed by the court, or to be kept in some suitable place provided by the city or county authorities. Such continuation shall extend no longer than three months."

The district county judge, acting pursuant to this statute, summarily ordered the Plaintiff to the custody of the Hughes County sheriff, without a hearing to determine whether probable cause existed for his detention and without a hearing to determine a "suitable place" for his detention.

Although S. D. Compiled Laws Ann. § 26–8–29 (Supp. 1972) prohibits any child under the age of fifteen from being incarcerated, the Defendants, at oral argument, conceded that the statute in question does empower a district county judge to incarcerate juveniles fifteen years of age and older without a hearing.

That no state can lawfully hold a person in penal custody without a prompt judicial determination of probable cause is a constitutional command which applies to juveniles as well as adults, Rule 5 of the Federal Rules of Criminal Procedure notwithstanding. Cooley v. Stone, 134 U.S.App.D.C. 317, 414 F.2d 1213 (1969); Brown v. Fauntleroy, 143 U.S.App.D.C. 116, 442 F.2d 838 (1971). See In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). Section 26–8–23, which per-

mits the state to incarcerate juveniles fifteen and older without a hearing, unquestionably violates this constitutional mandate. Such is the manifest import of the above-cited cases and a multitude of others, a discussion of which would merely be redundant.