**Michael STALEY, Petitioner,**

v.

**The Honorable Joseph M. HANNON, Associate Judge, Superior Court of the District of Columbia, Respondent.**

No. 79–46.

District of Columbia Court of Appeals.

Argued May 1, 1979.

Decided June 4, 1979.

Andrew L. Lipps, Public Defender Service, Washington, D. C., for petitioner.

Norman M. Monhait, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Sil-

---

bert, U. S. Atty., John A. Terry and Harry R. Benner, Asst. U. S. Attys., Washington, D. C., were on the opposition to petition for writ of mandamus, for respondent.

Before NEWMAN, Chief Judge, and KERN and NEBEKER, Associate Judges.

PER CURIAM:

Petitioner seeks a writ of mandamus directing respondent either to reopen petitioner's preliminary hearing or, to dismiss the felony complaint charging him with arson. Petitioner contends that respondent abridged his right to cross-examine witnesses, a right protected both by Fifth Amendment due process and by Super.Ct.Cr.R. 5(d)(1). Respondent declined to permit cross-examination as to the reliability of an informant whose information given to the police constituted the basis for a probable cause determination, ruling that *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), had no application at a preliminary hearing. In this court, the government concedes that ruling to be error, but contends it is harmless on this record. We hold that the respondent's ruling was error and that petitioner was deprived of a proper preliminary hearing guaranteed by Super.Ct.Cr.R. 5(d)(1).

Petitioner Michael Staley was arrested on November 15, 1978, and presented on the following day on a complaint charging him with arson of the Lacaze-Gardner School on November 9, 1978. On January 5, 1979, a preliminary hearing was held before respondent. At the hearing, respondent found probable cause to believe that the petitioner had committed the offense and bound him over for the action of the Grand Jury.

The sole government witness at the preliminary hearing was Detective Stephen L. Franek of the Metropolitan Police Department. Detective Franek testified on direct examination that he had investigated two fires which had occurred at the Lacaze-Gardner School at 1404 New York Avenue, N.W. on November 9, 1978. He further testified that he had spoken with a fire marshal who classified the fires as arson.

Detective Franek stated that information concerning these fires had been provided by an informant whose identity he did not disclose. The informant told him that on November 8, 1978, the day before the fires, petitioner had approached him and asked for assistance in setting fire to the school. The informant also told Detective Franek that on the following Monday, Staley again approached the informant, showed him a large amount of money, and stated that half of it would have been the informant's if he had helped to burn the school. There was no testimony that the informant or anyone else saw petitioner set either of the two fires, and no other evidence was introduced linking the petitioner with the offense. Detective Franek testified that this informant had previously provided information to the police which had led to twelve arrests and the issuance of ten search warrants. The government introduced no other evidence concerning the reliability or veracity of this informant.

On cross-examination, Detective Franek testified that he did not know the basis for the fire marshal's conclusion that the fires had been deliberately set, except that certain accidental causes had been eliminated. He stated that paper was apparently lit to start one of the fires, but had no other information regarding the origins of the fires. With respect to the reliability of the informant, Detective Franek testified that the informant had previously been paid by the police for his information. Detective Franek further stated that he did not know whether any of the arrests or search warrants which had been based on the informant's previous information had ever led to convictions. There was no other testimony that any of the information previously supplied by the informant had been accurate.

Counsel sought to inquire deeper into the background of the informant and the nature of his association with the police, but respondent sustained the government's objections to this line of questioning. Specifi-

cally, respondent sustained objections to questions of whether the informant had ever been arrested or convicted before, whether he had been paid by the police for providing the information concerning petitioner, and whether charges had been dropped against the informant for providing information to the police. Respondent further refused to permit the detective to testify whether the informant had proved unreliable in the past and whether there was any corroboration for the informant's tip. Defense counsel argued that these questions were relevant to determine the reliability of the informant under the test set forth by the Supreme Court in *Aguilar* and *Spinelli*, and their progeny. Respondent ruled that the *Agulilar/Spinelli* doctrine was not applicable to preliminary hearings, and refused to allow that line of inquiry.

 Petitioner's major contention is that the trial court erred in not applying the *Aguilar/Spinelli* doctrine in the preliminary hearing context. To find probable cause to issue a search or arrest warrant based solely upon an informant's tip, a court must make two distinct findings: 1) that the informant had direct knowledge of the information which he conveyed to the authorities; and 2) that the information was reliable. This second requirement is satisfied by a showing that either (a) the informant had a history of giving accurate information, or (b) the information he gave on this particular occasion had a special indicia of reliability. *United States v. Davis*, D.C.App., 387 A.2d 1091, 1092 (1978), citing *Aguilar v. Texas, supra*, 378 U.S. at 114, 84 S.Ct. 1509.

Although the above cases are concerned with the issuance of a search or arrest warrant, the standard to be used by the court in determining probable cause on the basis of an informant's tip is analogous to the standard applicable in the case at bar. As stated previously, the government concurs in this view when it concedes respondent erred as to the applicability of the *Aguilar/Spinelli* standards. *See Coleman v. Burnett*, 155 U.S.App.D.C. 302, 319 n. 96, 477 F.2d 1187, 1204 n. 96 (1973).

Since this is an original proceeding for extraordinary relief, we deem it inappropriate for us to undertake any evaluation in the first instance of whether reliability was demonstrated despite the respondent's ruling that the question was irrelevant. The issue is properly one for resolution at the preliminary hearing after full inquiry into relevant facts. Petitioner is entitled to have his preliminary hearing reopened in order to allow proper cross-examination consistent with the *Aguilar/Spinelli* doctrine.

We are confident that the respondent, on being apprised of our views in this regard, will afford petitioner this relief without the necessity of our formally issuing a writ. The clerk will, in lieu thereof, transmit a certified copy of this opinion to respondent.

*So ordered.*