John E. POTEAT, Petitioner,

v.

The Honorable John W. KING,
Respondent.

No. 84–1303.

District of Columbia Court of Appeals.

Argued Oct. 29, 1984.

Decided Oct. 30, 1984.*

As Amended Nov. 2 and Dec. 18, 1984.

Rehearing En Banc Denied
Jan. 25, 1985.

Elise Haldane, Washington, D.C., appointed by this court, with whom Dennis M. Hart was on the response to the petition for rehearing, for petitioner.

Wendy Bebie, Asst. U.S. Atty., Washington, D.C. with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Judith Hetherton, and David S. Krakoff, Asst. U.S. Attys., Washington, D.C., were

---

* This decision was originally issued as an unpublished Memorandum Opinion and Order. It is now being published by direction of the court.

on the opposition to the petition, for respondent.

Before MACK, NEWMAN and TERRY, Associate Judges.

TERRY, Associate Judge:

Petitioner seeks a writ of mandamus directing respondent, a hearing commissioner of the Superior Court, to reopen his preliminary hearing in order to allow defense counsel to cross-examine a police detective and to call as a defense witness petitioner's former girl friend, whom counsel believes to be the informant who supplied information to the police leading to petitioner's arrest. We agree that the preliminary hearing must be reopened for these two purposes, and therefore we vacate respondent's finding of probable cause. We go no further, however, because we believe that respondent will grant the relief requested without the necessity of our actually issuing the writ.

■ At the outset we note that mandamus is an appropriate remedy for correction of errors in a preliminary hearing. *E.g., Staley v. Hannon,* 402 A.2d 814 (D.C. 1979); *Blue v. United States,* 119 U.S.App. D.C. 315, 321, 342 F.2d 894, 900 (1964), *cert. denied,* 380 U.S. 944, 85 S.Ct. 1029, 13 L.Ed.2d 964 (1965). The availability of mandamus for this purpose has been established since the *Blue* case was decided twenty years ago and is no longer open to question.

■ Defense counsel sought, by cross-examination of Detective Manjoras, to establish that the informant was unreliable, but the Commissioner barred that line of questioning. This was error. Petitioner is entitled to have his preliminary hearing reopened in order to allow proper cross-ex-

amination designed to demonstrate the unreliability of the informant. *Staley v. Hannon, supra,* 402 A.2d at 816.

■ Defense counsel also sought to call as a witness a woman named Barbara Hoffman. Counsel's proffer indicated that Hoffman was an eyewitness to the murder with which petitioner was charged and was, in all likelihood, the informant named in Detective Manjoras' affidavit. The proffer included several details which, if proven by testimony, would have at least cast a cloud on Hoffman's reliability as an informant. When the government objected, the Commissioner refused to allow counsel to call Hoffman to the stand. He then found probable cause and ordered petitioner held for the action of the grand jury.

■ The Commissioner's refusal to allow Hoffman to testify was erroneous for two reasons. First, it is settled beyond all doubt that witnesses are not the property of either party in a criminal case (indeed, in any case). *Gregory v. United States,* 125 U.S.App.D.C. 140, 143, 369 F.2d 185, 188 (1966). The fact that Barbara Hoffman might have been a possible government witness, either at the preliminary hearing or at trial, was not a valid reason for keeping her off the stand. Second, petitioner had a right to call any witness whose testimony was relevant to the issue of probable cause. *Ross v. Sirica,* 127 U.S. App.D.C. 10, 380 F.2d 557 (1967); *Washington v. Clemmer,* 119 U.S.App.D.C. 216, 219, 339 F.2d 715, 718 (1964); *see Coleman v. Burnett,* 155 U.S.App.D.C. 302, 320, 477 F.2d 1187, 1205 (1973).[1] Hoffman was plainly such a witness.[2]

Nothing in *In re R.D.S.,* 359 A.2d 136 (D.C.1976), is inconsistent with our decision today. On the contrary, we conclude that

1. *Ross* and *Washington* are binding on us under *M.A.P. v. Ryan,* 285 A.2d 310 (D.C.1971). *Coleman* is not, but it is not inconsistent with *Ross* and *Washington,* and we find it persuasive.

2. We reject any suggestion that counsel was attempting to use the preliminary hearing for the purpose of discovering the identity of the

informant. It is clear from the proffer that counsel already knew Hoffman's identity and relationship with petitioner; indeed, she came to court under a defense subpoena. The government's claim that petitioner was using the preliminary hearing as a discovery device is, *on this record,* nothing more than a red herring.

defense counsel's proffer in this case was "a meaningful proffer" as that term is used in *R.D.S. See id.* at 139–140.

We therefore conclude that petitioner's preliminary hearing must be reopened for further testimony.[3] Accordingly, we vacate the Commissioner's finding of probable cause and his order holding petitioner for the action of the grand jury. We also modify this court's stay of proceedings before the grand jury, entered September 27, 1984, as requested by the government. We refrain from issuing the writ of mandamus because we are confident that respondent, after reading this opinion, will afford petitioner the relief he requests. *See, e.g., Staley v. Hannon, supra,* 402 A.2d at 816; *United States v. Moultrie,* 340 A.2d 828, 832 (D.C.1975); *Ross v. Sirica, supra,* 127 U.S.App.D.C. at 14, 380 F.2d at 561.

It is therefore ORDERED that respondent's order of September 24, 1984, holding petitioner for the action of the grand jury, and the finding of probable cause on which that order was based, are hereby vacated.

It is FURTHER ORDERED that this court's order of September 27, 1984, staying proceedings before the grand jury, is amended to provide that the grand jury is not prohibited from hearing testimony and receiving evidence, but it is prohibited from returning an indictment until after the reopened preliminary hearing is completed.

It is FURTHER ORDERED that the petition for a writ of mandamus is denied without prejudice.

Before PRYOR, Chief Judge, and NEBEKER, MACK, NEWMAN, FERREN, BELSON, TERRY, and ROGERS, Associate Judges.

### ORDER

On consideration of the petition of the United States for rehearing or rehearing en banc, the papers filed by the District of Columbia and the Public Defender Service as *amici curiae,* and the responses filed with respect thereto, it is

ORDERED by the division that the petition for rehearing is denied.

It appearing that a majority of the judges of this court have voted to deny the petition for rehearing en banc, it is

ORDERED that the petition of the United States for rehearing en banc is denied.

Associate Judge BELSON would grant rehearing en banc.

NEBEKER, Associate Judge: Statement of reasons for voting to deny the government's petition for rehearing en banc.

As prelude, I observe that issuance of this decision was in violation of this court's Internal Operating Procedures. The motions division had issued an unpublished Memorandum Opinion and Judgment which effectively functioned as a Writ of Mandamus. Thereafter, the division decided to publish the decision. Accordingly, it was circulated to the nonparticipating judges as required by Part VIII E of our I.O.P.'s. The release of this unpublished decision, however, was not in accordance with Part VIII D of those procedures, which permits a Memorandum Opinion and Judgment to be released only

> when a division unanimously determines that a judgment of the trial court ... should be *affirmed* or *enforced, and* this court's decision ... (3) does not alter [or] modify ... an existing rule of law; ... *and* (6) does not find any error of law. (Emphasis added.)[1]

Because an error of law was found, *i.e.,* restriction on cross-examination at the pre-

---

**3.** We caution, however, that when Barbara Hoffman testifies at the reopened hearing, her testimony must be limited to the issue of probable cause. The hearing should not be used as a means of preserving her testimony on other matters. *See* Super.Ct.Crim.R. 5(d)(1), first sentence.

**1.** No one contends that the Internal Operating Procedures do not apply to our original All Writs Act proceedings because of their literal application to a trial court "judgment." By the very nature of such extraordinary proceedings application of our I.O.P.'s is compelled.

liminary hearing and refusal to hear a witness called by the accused, there has not been compliance with Part VIII D. Additionally, in this decision, the motions division applies diluted precedent (if precedent at all[2]) which, in one highly important aspect, is inapposite to the present preliminary hearing rule. The present rule is one markedly different from the rule which existed when those cases cited as precedent were decided. Because these flaws so burden this decision and because it has been accurately characterized as a narrow, fact-focused decision with no significant impact on the administration of justice, I deem it unworthy of en banc rehearing. On the other hand, should this decision produce fallout, another case may provide the appropriate opportunity for further review. A close examination of this decision reveals its flaws and narrow scope.

## I. *Grand Jury Interference*

My major criticism of this decision is its intrusion into the orderly method of Grand Jury process. It applies extraordinary process in an undeserving case.

In *Washington v. Clemmer*, 119 U.S. App.D.C. 216, 339 F.2d 715 (1964), an injunction—in the nature of a writ of prohibition—did issue against Grand Jury action to prevent mooting the case in the court of appeals. For that same reason, the division here initially prohibited any Grand Jury process. In its decision, however, that prohibition has been modified, at government request, but only to permit evidence to be presented to the Grand Jury. The Grand Jury still may not return an indictment or decline to do so until the preliminary hearing is completed. This is an unwarranted and unjustifiable intrusion by this court, which—on the other hand—secures little or no legitimate benefit to the accused. *See* Circuit Judge Danaher's sep-

arate statement in *Washington v. Clemmer*. *Id.* at 221, 339 F.2d at 720. Then Circuit Judge Burger's separate statement in that case, *id.* at 225, 339 F.2d at 724, is most apt here:

> A Grand Jury is an independent body and neither this court nor any other court ought to interfere gratuitously with its deliberations, especially for the sole purpose of preventing mootness of an issue because some members of the court were seemingly anxious to reach it.

*Id.* n. 1.

It should be noted that the division is unable to justify this intrusion and makes no attempt to do so. Under the All Writs Act, 28 U.S.C. § 1651 (1982), the division's action is hardly "agreeable to the usages and principles of law." *Id.* Both Fed.R. Crim.P. 5(c) and Super.Ct.Crim.R. 5(d)(2) require prompt preliminary hearing. Those rules are grounded on expressed public policy that there is a "public interest in prompt disposition of criminal cases." The Grand Jury should never have been gagged, as the division ordered, over three months ago.

## II. *The Predicate "Error"*

Furthermore, the underlying predicate of the division's order was erroneous. I quarrel with the holding that cross-examination was erroneously limited on the narrow issue of probable cause and that the accused had a right in this case to call the witness on that same issue. The opinion's passing reference in its fourth paragraph to the possibility that the effect of the proffer was to "cast a cloud on Hoffman's reliability as an informant" is not to be read as anything more than an observation or characterization of the potential but unidentified proof. As footnote 3 makes clear,[3] the inquiry at the preliminary hearing is limited to probable cause, not general credibility

---

2. *Ross v. Sirica*, 127 U.S.App.D.C. 10, 380 F.2d 557 (1967), is of very doubtful value as precedent since six judges of the court did not agree with its holding. *See* then Circuit Judge Burger's separate statement, *id.* at 22, 380 F.2d at 569, noting "an accurate 'head count'"; *Washington v. Clemmer*, 119 U.S.App.D.C. 216, 339 F.2d 715 (1964) suffers from the shadow of infirmity cast by *Ross* three years later.

3. Footnote 3 was added before publication but after the decision was issued.

or "other matters." The division, having chosen to omit reference to the first sentence of Super.Ct.Crim.R. 5(d) (negating discovery as a purpose for preliminary hearings) cannot and does not purport to have affected that proscription. Thus, complete deference to that provision is still to be expected at preliminary hearings so that they do not become deposition and discovery proceedings.

Moreover, the "cloud" that the division perceived hovering over the finding of probable cause is non-existent. The proffer as to the eyewitness' testimony was that she had been the focus of a love triangle between the accused and the decedent for some time. Though she had lived in a "common law" relation with the accused, she was living with the decedent when the accused shot him. On numerous occasions that witness had made criminal charges against the accused, but had dropped them. It was also proffered that the witness would state that the decedent had in the past threatened the accused's life.

The latter is only relevant to an affirmative defense not available to the accused at this stage and not even raised by him. Thus, that evidence is now quite irrelevant. The other proffered facts have no diluting or negative impact on probable cause. Indeed, they enhance the showing of probable cause for they establish identity of the accused and motive for the killing. Whether there is a reasonable doubt as to the witness' credibility must await another day. The proffer is inadequate to cast any cloud on the finding of probable cause at Poteat's preliminary hearing. *In re R.D.S.*, 359 A.2d 136, 139–40 (D.C.1976).[4]

### III. *The Decision Is Not Precedent*

There are a number of reasons why this decision is so infirm as to be of no future authority. First, it fails, in its original form, even to mention Super.Ct.Crim.R. 5(d). Even with the addition of footnote 3,

the decision still fails to take proper account of that rule. The rule—an approved modification of Fed.R.Crim.P. 5—specifically provides that "[t]he purpose of a preliminary examination is not for discovery." This provision was adopted for the express purpose of preventing a preliminary hearing from degenerating into a deposition and discovery exercise and to confine the inquiry to the narrow question of probable cause. In any event, since the reopened hearing in this case must be so narrowly confined to probable cause and exclude all "other matters," it will, in the long run, be a shallow exercise unworthy of extraordinary writ remedy.

Discovery was perceived to be a primary purpose for expanding the preliminary hearings in the twenty-year-old cases relied upon by the division. Therefore, subsequent rule changes in both the federal and Superior Court rules (Rules 5 and 5.1 and Rule 5(d) and (e), respectively) have significantly limited judicial authority to tinker with preliminary hearings. Both the federal rule and the Superior Court's rules now provide that if the defendant is indicted "the preliminary examination *shall not* be held." (Emphasis added.) *See* Fed.R.Crim.P. 5(c) and Super.Ct.Crim.R. 5(d)(2). Thus, the purpose of the rule as it now exists is to moot arguable defects in Rule 5 proceedings by prompt indictment and to overrule *Blue v. United States*, 119 U.S. App.D.C. 315, 342 F.2d 894 (1964) and *Ross v. Sirica, supra*, both post-indictment decisions relied upon by the division. Those decisions have, in any event, been overruled by *Gerstein v. Pugh*, 420 U.S. 103, 119, 95 S.Ct. 854, 865, 43 L.Ed.2d 54 (1975) (conviction is not to be vacated for preliminary hearing defects).

Moreover, the irregularity in promulgation of this decision strips it of precedential value. Where a proposed opinion is circulated to nondivision judges before release, an opportunity for their input is provided.

---

**4.** We are not told by the division how the proffer is relevant to the concededly narrow issue of probable cause. Indeed, as I have observed, the division does not even identify the evidence. To do so would require the impossible—the division would have to demonstrate its relevance.

This not only produces collegial decisions, but often great changes in proposed opinions. The division here inadvertently closed its eyes to this salutary process and now stands by its flawed decision. Our internal circulation rule is a prerequisite to decisions being accorded full status as precedent (*see M.A.P. v. Ryan*, 285 A.2d 310 (D.C.1971)). Because of the violation of that rule, plus the division opinion's utter failure to take account of highly relevant rules changes and full binding precedent (*e.g., M.A.P. v. Ryan,* [5] *supra*, and *United States v. Davis*, 330 A.2d 751 (D.C. 1975)), it is not entitled to any precedential weight.

In addition, All Writs relief is always a matter of discretion. *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). Thus, one division of the court is not bound to grant that relief simply because another division saw fit to do so in an earlier case.

Both the United States and the District of Columbia, which filed an amicus memorandum in support of the en banc petition, view the unpublished decision of the division as having no precedential effect. But it is not altogether certain anyone had expected the division to publish it. Indeed, the Public Defender Service, which filed an amicus memorandum opposing en banc reconsideration, takes the view that this decision is a "narrow, fact-focused holding," with "no important policy considerations or systematic interests" warranting "further evaluation." (Memorandum of Public Defender Service at 1). I accept their position that this decision is of no importance in the administration of justice.[6] My colleagues seem to have done so for they deny rehearing en banc consistent with that significant concession by the Public Defender Service.

If, on the other hand, this court is in the future to interject itself into the Grand Jury function by reviewing preliminary hearings before that body is permitted to act, Superior Court may rightly seek to do away with such hearings completely. *Gerstein v. Pugh, supra,* 420 U.S. at 120–22, 95 S.Ct. at 866–67, permits and recognizes the efficiency in such a step. Alternatively, such tampering with Grand Jury process should become the focus of Supreme Court review.

.BELSON, Associate Judge: Statement of reasons for voting to grant the government's petition for rehearing en banc.

If I were entirely satisfied that the division's holding will be accorded no precedential value whatever, I would join in voting to deny rehearing en banc. But there is no assurance that such will be the case. Therefore, I favor rehearing en banc.

---

5. Ironically, the *M.A.P.* decision was itself a probable cause hearing case on the merits. We refused to follow the federal circuit court's holding in *Brown v. Fauntleroy*, 143 U.S.App.D.C. 116, 442 F.2d 838 (1971), that a juvenile was entitled to a probable cause hearing before trial when he was released to family custody.

6. Presumably, this position was taken after institutional deliberation and recognition that a shift of position would be most unseemly.